JERRY M. DORMAN, SR., *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. Where two witnesses had been subpœnaed by a defendant in a criminal case to a term of the court immediately preceding that of the trial, and two others to the latter term, all of whom were of nomadic habits and were not found by the officers, and all of whose alleged testimony would be merely cumulative to other testimony offered by the defendant, there was no abuse of discretion by the trial judge in refusing to continue the case on account of the absence of such witnesses.

2. Where it appears that after a criminal trial was begun and several jurors were, prior to the adjournment for the day, accepted and sworn on the jury, and that on the convening of the court next day the judge discharged one of such jurors because of his kinship to some of the parties involved, and the record then shows that the panel of the jury was completed and the jury sworn, the act of the judge in discharging the juror was not an abuse of judicial discretion.

3. Where a defendant in a criminal case offers to read in evidence the testimony of one of his witnesses regularly taken at a preliminary hearing before a county judge, on the ground that such witness could not after diligent search be found by the sheriff of the county where the trial was had, nor by the sheriff of another county, and where it does not appear that the witness was dead, or out of the jurisdiction of the court, and where the court had refused to continue the case, on account of the absence of such witness because due diligence had not been shown to procure his attendance, the trial judge committed no error in refusing to allow such testimony, taken at the preliminary hearing before the county judge, to be read in evidence at the trial.

4. The evidence supported the verdict.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Baker county.

The facts in the case are stated in the opinion of the court.

*Geo. U. Walker* for plaintiff in error.

*W. H. Ellis,* Attorney-General, for the State.

HOCKER, J.—On the 8th day of April, 1902, the grand jury of Baker county presented in open court an indictment against Jerry Dorman, Andrew Dorman, Thad Dorman, Jerry Dorman, Jr., and Nain Dorman, charging them with the murder of Josh Hogans on the 21st of December, 1901. At the spring term of the Circuit Court, 1903, the defendants were tried and all accquitted except Jerry Dorman, Sr., who was convicted of manslaughter and sentenced to the State Prison. He seeks a reversal of this judgment and sentence here.

On April 7th, 1903, the defendants moved the court for a continuance for the term on account of the absence of four witnesses. The court overruled the motion and defendants excepted to the ruling, and it is here assigned as error. For two of these witnesses subpœnas were issued at the previous term, for the other two before the term at which the case was tried. None of them were found by the officers, and seem to have been nomadic in their habits. The evidence expected of them was merely cumulative to that of a witness for the defense who testified. We do not think the court exercised other than a sound discretion. 9 Cyc. 167-176; *Webster v. State,* 47 Fla. 108, 36 South. Rep. 584, and cases cited.

The empanelling of the jury was begun on the 7th of April, 1903, and several of the jurors who tried said cause (how many does not appear) were, prior to adjournment of the court for the day, accepted and sworn on the jury, among whom was A. R. Burnsed. After convening the court the next day, and before proceeding, the judge announced that he had been satisfied that said juror, Burnsed, was disqualified as a juror, because of kinship to some of the parties involved, and discharged the said juror, to which action of the judge the defendants objected, their objection

was overruled, and they excepted. The record then recites that "the empanelling of said jury was completed and the jurors of the jury aforesaid, mention whereof is within made, being called, came and were sworn to try said issues in manner aforesaid joined; and thereupon the plaintiff, the State, to maintain the issues on its part, introduced Louis Hogans who," etc.

The assignment of error simply questions the authority of the judge in removing from the jury a juror who had been accepted and sworn before it was completed. The fact that the discharged juror was related to some of the parties involved, is not denied. We are of opinion that the trial judge had authority to discharge the juror. *Metzger v. State*, 18 Fla. 481.

On the trial the defendants offered and asked to be allowed to read as evidence the deposition of Charley Baker, taken at a preliminary hearing before the county judge, the witness having been regularly sworn and his testimony taken after examination and cross-examination by attorneys for the parties, the said evidence having been written down and signed by the witness, on the grounds that said Baker could not be found after diligent search by the sheriff of the said Baker county, and the sheriff of another county, and that said testimony was material as showing that Arch Hogans fired the first shot on the occasion when Josh Hogans was killed, and as tending to establish self-defense. The State Attorney objected to this evidence because the State did not appear at said preliminary trial by its counsel or other attorney authorized to represent its interests, and because it appeared from the application for a continuance that Baker was in the State. The court sustained the objection, which ruling is here assigned as error. This Charley Baker was one of the witnesses on account of whose absence the defendants had sought a continuance at this term. The court denied the continuance because, as to Baker, it appeared that at the previous term of the court a continuance had been sought because of his absence and

that sufficient diligence had not been shown to procure his attendance. It does not appear that Baker was dead, or out of the jurisdiction of the court. We do not feel called upon to determine under what, if any, circumstances testimony taken by a defendant before a committing magistrate can be used by the defendant upon his trial, but as in the instant case it does not clearly appear that the witness was dead, or that it was impossible to obtain his testimony by deposition, as provided by statute, or otherwise, we can discover no error in the judge's ruling. 1 Bishop's Crim. Proc. (3rd ed.) sec. 1194 *et seq.;* 1 Taylor on Ev. sec. 464 *et seq.; State v. King,* 86 N. C. 603-604; *Commonwealth v. McKenna,* 158 Mass. 207, 33 N. E. Rep. 389; *State v. Stewart,* 34 La. Ann. 1037.

Although there are conflicts in the testimony, yet there was sufficient evidence to sustain the verdict. The judgment of the Circuit Court is affirmed.

TAYLOR, C. J., SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.

CARTER, J., absent.