Ross Johnson, *Plaintiff in Error,* v. The State of Florida, *Defendant in Error:*

1. Where one of the assignments of error is based upon the over-ruling of the motion for a new trial, an appellate court will consider only such grounds of the motion as are argued.

2. In passing upon a single instruction or charge it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment based upon the giving of such instruction or charge must fail.

3. In a prosecution for murder, if the defendant conceived it necessary or advisable to have the word "aggressor" defined, or if he desired to have the jury more fully instructed upon any point, he should have prepared and presented to the trial court the specific instructions he wished given. Having failed to do this, an appellate court will not entertain his complaint of such omission by the trial court.

4. Clerical errors in a charge or instruction given by the trial court in a criminal prosecution furnish no ground for reversal of the judgment therein, when it is not apparent that the jury could have been misled or confused thereby.

5. Where the evidence in terms does not make out a case of murder in the third degree, but is sufficient to sustain a higher degree of murder, the verdict for murder in the third degree must be sustained as against a motion for a new trial upon the ground that the evidence is insufficient to support the verdict. (Taylor, J., dissents to 5th headnote.)

This case was decided by Division A.

Writ of Error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for plaintiff in error;

*W. H. Ellis,* Attorney General for the state.

SHACKLEFORD, C. J.—Ross Johnson, the plaintiff in error, was indicted in the circuit court for Columbia county, at the Fall term, 1907, for murder in the first degree, tried at the same term and found guilty of murder in the third degree and sentenced to imprisonment in the state prison for the period of five years. From this judgment he seeks relief here by writ of error, returnable to the present term.

The sole error assigned is based upon the denial of the motion for a new trial. We shall consider such grounds of this motion as are argued before us, treating the other grounds as abandoned. McNish v. State, 47 Fla. 69, 36 South. Rep. 176; Spires v. State, 50 Fla. 121, 39 South. Rep. 181, S. C. 7 Amer. & Eng. Ann. Cas. 214; Colson v. State, 51 Fla. 19, 40 South. Rep. 183.

The fifth ground of the motion is based upon an exception taken to the giving of the following portion of the general charge:

"The court instructs you that a necessity brought about by a person who acts under its compulsion cannot be relied upon to justify his conduct. That is, gentlemen, if you should find from the evidence that the deceased, Samuel Banks and other parties, not including the defendant, were down the road from where a festival was being held or was holden and that loud talking took place down there and that the defendant Ross Johnson ran down there where the deceased and other parties were and shot off his pistol and reloaded it and he then and there acted in a manner as to become the aggressor in what he may have supposed to be a difficulty to the extent of putting the deceased in fear of

death or great personal injury then the deceased was permitted to protect himself from an unlawful assault that may have been reasonably apparent to him and the defendant could not invoke the plea of self defense and if under such circumstances he shot and killed the deceased you should convict him of that degree of crime of which you deem him guilty under the law as I have heretofore defined to you. For an aggressor in a personal difficulty, either when he is personally engaged or between other parties and where he is not reasonably free from fault himself cannot acquit himself from liability for its consequences on the ground of self defense, unless after having begun the difficulty or unnecessarily butted into a difficulty already begun he in good faith declines the combat and his adversary becames the aggressor."

This portion of the general charge must be considered in connection with all of the other portions thereof as well as with the instructions given, at the request of counsel, which bear upon the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, the assignment must fail. Lewis v. State, decided here at the present term, and authorities there cited.

It is contended by the defendant that this portion of the charge is fatally defective in that it fails to define the word "aggressor" as used therein, that it invades the province of the jury in that it assumes certain facts which were in dispute as having been established by the evidence, that it was not warranted by or applicable to the evidence, that it fails to instruct the jury that the facts stated therein must have been proven beyond a reasonable doubt, and that it deprives the defendant of the benefit of his plea of self-defense. With this contention we cannot agree. We find that the trial judge fully and repeatedly instructed the jury, both before and after the

giving of the portion of the charge of which complaint is made, to the effect that the presumption of innocence attached to and followed the defendant through every stage of the trial until every material allegation of the indictment had been proven beyond a reasonable doubt, so that upon this point the jury could not have been misled. We further find that the defendant had the full benefit of the law applicable to self-defense. In addition to the general charge, the following instruction was also given, at the request of the defendant.

"Before you can find the defendant at fault in bringing on the difficulty in which Samuel Banks was killed, you must believe from the evidence that such fault consisted in acts or words evincing a purpose of aggression on his part towards the said Samuel Banks, in the way to break the peace or in some way or manner to infringe upon his rights or provoke him to resentment towards the defendant.

"Mere acts of misconduct involving moral turpitude in which the deceased had not rights of interference would not deprive the defendant of the right to exercise the right of self defense, on the ground that he was in fault in bringing on the difficulty, if he found himself in danger that he did not provoke by his own aggression."

We fail to find wherein the charge invades the province of the jury in any way, and the same is not pointed out to us. Construing this portion of the charge in connection with the entire charge and the instructions given, wo do not discover any reversible error therein. If the defendant conceived it necessary or advisable to have the word "aggressor" defined, or if he desired to have the jury more fully instructed upon any point, he should have prepared and presented to the trial court the specific instructions he wished given. Having failed or omitted to do this, he cannot be heard to make

complaint here of such omission by the trial court. Lewis v. State, *supra,* and authorities there cited.

The sixth ground of the motion is based upon the giving of the following portion of the general charge:

"All the evidence which has been admitted upon the trial is now submitted to you for your consideration and you are the judges of its weight and sufficiency and you are authorized to give it such credence and deem it worth of."

Evidently the words, "credence and deem it worth of," were inadvertently used, and what the trial judge intended to say was such credence as you deem it worthy of. Taken in connection with the other portions of the general charge and the instructions given, we fail to see how it could have confused or misled the jury, and the defendant does not inform us.

The only other grounds of the motion which are urged before us question the sufficiency of the evidence to support the verdict. We see no useful purpose to be accomplished by setting out the evidence. While it is conflicting, in our opinion it is ample to have sustained a verdict finding the defendant guilty of a higher degree of murder, therefore, even if in terms it does not make out a case of murder in the third degree, that furnishes no ground for the granting of a motion for a new trial. See Clemmons v. State, 43 Fla. 200, 30 South. Rep. 699, and authorities there cited.

Finding no reversible errors, the judgment must be affirmed.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.