J. A. PUTNAL, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. General objections to evidence proposed, without stating the precise grounds of objections, are vague and nugatory, and are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper, and inadmissible for any purpose or under any circumstances.

2. The trial court is authorized to regulate the order of the introduction of evidence, and its discretion in this matter will be interfered with by an appellate court only when a clear abuse thereof is made to appear.

3. It is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist, every presumption being in favor of the correctness of the rulings of the trial court.

4. If a question is propounded to a witness which tends to elicit improper testimony, it is the duty of the opposite party to object to it and obtain a ruling on his objection. If improper testimony is given in response to a proper

Putnal v. State.—Syllabus.

question, the proper method of removing it from the consideration of the jury is a motion to strike it. If improper testimony is given in response to an improper question to which no objection is made, a motion to strike is the recognized mode of removing it, but in such a case the granting or refusing the motion is in the sound discretion of the trial court, and an appellate court will not disturb such ruling unless an abuse of discretion is shown.

5. In both criminal prosecutions and civil actions a motion to strike out the entire testimony of a witness should be denied, if any part thereof is admissible for any purpose. The motion should be confined specifically to the inadmissible portion.

6. In both criminal prosecutions and civil actions facts may be established by evidence thereof given on a former trial, provided a proper predicate has been first laid therefor. To warrant the admission of such testimony it must be made to satisfactorily appear to the trial court: (1) That the party against whom the evidence is offered, or his privy, was a party on the former trial; (2) that the issue is substantially the same in the two cases; (3) that the witness who proposes to testify to the former evidence is able to state it with satisfactory correctness; and (4) that a sufficient reason is shown why the original witness is not produced.

7. In a criminal prosecution against the accused for selling intoxicating liquors without a license, when it has been made to satisfactorily appear that the accused had been tried and convicted of substantially the same crime in the mayor's or municipal court of a city or town in the same county, at which former trial the absent witness was duly sworn and testified against the accused and the accused was afforded an opportunity of cross-examining such witness and did cross-examine him, that such absent witness was of nomadic habits and was in such city or town for only two or three days, that his place of residence was unknown and that he had left the county shortly after such trial, departing no one knew whither, and his where-

abouts could not be ascertained by diligent inquiry, the sheriff having made every effort to secure his attendance at such trial without success, a *prima facie* case for proving the former testimony of such absent witness is established.

8. In order that former testimony may be provable, it must have been taken in the course of a judicial proceeding in a competent tribunal. The particular character of the tribunal or proceeding, however, is immaterial so long as it is judicial in its nature.

9. The admission of testimony given by a witness at a former trial, in a criminal prosecution, is not violative either of the hear-say rule or the constitutional provision of confrontation, provided a sufficient and proper predicate has been first laid therefor, which must be passed upon and determined by the trial court.

10. A motion to strike out evidence given in a trial before the mayor "on the grounds that if there was such a trial there should be and perhaps is a record of it and the record is the best evidence," is properly overruled, if for no other reason, because such motion was directed to matters *in pais*, which need not, and frequently never, become matters of record.

11. If the accused conceives that the State attorney, in his argument to the jury in the trial of the cause, is making material statements outside of the evidence and the reasonable bounds of argument, having no relation to the issues in the case and intended or calculated to excite the passions and influence the minds of the jury against him, he should promptly object thereto, stating the grounds of objection, secure a ruling of the court thereon, and, if the same is adverse to him, have his exception duly noted thereto.

12. The comments and arguments of counsel in the progress of a trial before a jury are controllable in the judicial discretion of the trial court, and where the accused in a criminal prosecution simply objects to the use of certain language by the State attorney, without stating the grounds

of such objection, unless it plainly appears that such lan-
guage was unwarranted and calculated to prejudice or
injure the accused, an appellate court will not interfere
with the discretion exercised by the trial court in over-
ruling such general objection.

13. Section 3561 of the General Statutes of 1906, relating to
searches without warrant, applies generally and is not con-
fined to "the selling of liquors in counties or precincts
voting against such sales," as it was when originally en-
acted and prior to its being incorporated in and adopted
as a part of such General Statutes.

14. Where one of the assignments of error is predicated upon
the overruling of the motion for a new trial, an appellate
court will consider only such grounds thereof as are argued,
and, where such motion is submitted without argument,
such assignment presents nothing for consideration.

This case was decided by Division A.

Writ of Error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the
court.

*Roberson & Small,* for plaintiff in error;

No appearance for the State.

SHACKLEFORD, C. J.—The plaintiff in error was in-
dicted, tried before a jury and convicted of the crime of
selling intoxicating liquors in the county of Taylor, with-
out a license. From the judgment and sentence imposed
he seeks relief here by writ of error.

The first witness introduced on behalf of the State
was J. H. Parker, who testified that he then was the
sheriff of Taylor county, had been such sheriff in the

year 1907, also, and that he knew a man who was said to be named Philip Cumberford, who had been summoned as a witness in such case.    He was then asked the question, "Have you made every attempt to get him here?" which was objected to by the defendant "as irrelevant and incompetent."    The court reserved its ruling upon the statement made by the State Attorney that he would show its relevancy, to which ruling the defendant excepted.    The witness then replied to the question, "Yes, I had an attachment for this man, but had not been able to locate him and have no idea at all where he is now."    The defendant then moved to strike out this testimony "on the ground that it is irrelevant and immaterial to the issues, but the court reserved its ruling upon the statement of the State Attorney that he would show its relevancy," to which the defendant excepted. These rulings form the basis for the first assignment.

It is settled law here that general objections to evidence proposed, without stating the precise grounds of objections, are vague and nugatory, and are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper, and inadmissible for any purpose or under any circumstances. Kirby v. State, 44 Fla. 81, 32 South. Rep. 836; Williams v. State, 45 Fla. 128, 34 South. Rep. 279; Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656; Pittman v. State, 51 Fla. 94, 41 South. Rep. 385, S. C. 8 L. R. A. (N. S.) 509; Thomas v. Williamson, 51 Fla. 332, 40 South. Rep. 831; Williams v. State, 53 Fla. 89, 43 South. Rep. 428; Sims v. State, 54 Fla. 100, 44 South. Rep. 737.

It is further settled law here that the trial court is authorized to regulate the order of the introduction of evidence, and its discretion in this matter will only be interfered with by an appellate court when a clear abuse thereof is made to appear.    Pittman v. State, *supra,*

and authorities there cited; Hoodless v. Jernigan, 51 Fla. 211, 41 South. Rep. 194; Wilson v. Johnson, 51 Fla. 370, 41 South. Rep. 395; Seaboard Air Line Ry. v. Scarborough, 52 Fla. 425, 42 South. Rep. 706; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; Stearns & Culver Lumber Co. v. Adams, 55 Fla. 401, 46 South. Rep. 156. Suffice it to say that no error has been made to appear to us.

The second witness introduced on behalf of the State was W. B. Davis, who testified as follows: "My name is W. B. Davis. I know the defendant in this case, J. A. Putnal. I live in Perry, Florida; the defendant also lives in Perry. Mr. McKinnon was mayor of Perry, during the year 1907 until the 1st of August. I remember a man by the name of Philip Cumberford. The defendant in this case was tried in Perry, before the mayor, on the charge of selling intoxicants in a dry county." The bill of exceptions discloses that "the defendant moved to strike the evidence from the record as irrelevant and immaterial and on the ground that if there was a trial, there is or should be a record of it, and the record is the best evidence. Which said motion was overruled by the court, because the mayor's court is not a court of record, to which ruling the defendant excepted." This forms the basis for the second assignment.

The bill of exceptions, to which we are confined, does not disclose what questions were propounded to the witness or whether or not any objections were interposed thereto. The assignment of error is as follows:

"The court erred in refusing to sustain the motion of the defendant below to strike from the record the following questions and answers as follows, 'Was the defendant in this case tried in this town before the mayor on the charge of the sale of intoxicating liquors? Yes sir.' 'When was that trial? In the summer, last year before

the 1st of July, during the year, 1907. Before the mayor of this town? Yes, before J. W. McKinnon."

This assignment is not borne out by the bill of exceptions. It is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist, every presumption being in favor of the correctness of the rulings of the trial court. Ropes v. Stewart, 54 Fla. 185, 45 South. Rep. 31, and authorities there cited; Cross v. Aby, 55 Fla. 311, 45 South. Rep. 820; Lewis v. State, 55 Fla. 54, 45 South. Rep. 998; Seaboard Air Line Ry. v. Harby, 55 Fla. 555, 46 South. Rep. 590; Thompson v. State, 55 Fla. 189, 46 South. Rep. 842.. As was held in the last cited case: "If a question is propounded to a witness which tends to elicit improper testimony, it is the duty of the opposite party to object to it and obtain a ruling on his objection. If improper testimony is given in response to a proper question, the proper method of removing it from the consideration of the jury is a motion to strike it. If improper testimony is given in response to an improper question to which no objection is made, a motion to strike is the recognized mode of removing it, but in such a case the granting or refusing the motion is in the sound discretion of the trial court, and, on appeal, an abuse of such discretion must be shown." Confining ourselves, then, to what is disclosed by the bill of exceptions, it is apparent that the assignment must fail, if for no other reason, because the motion to strike out was too broad. As has been repeatedly held by this court, in both civil actions and criminal prosecutions a motion to strike out the entire testimony of a witness should be denied, if any part thereof is admissible for any purpose. The motion should be confined specifically to the inadmissible portions. See Lewis v. State, *supra;* Thompson

v. State, 52 Fla. 113, 41 South. Rep. 899; Herrin v. Abbe, 55 Fla. 769, 46 South. Rep. 183.

The witness then proceeded to testify, without objection so far as the bill of exceptions discloses, as follows: "The trial before the mayor was during the summer of 1907, some time prior to the 1st of July. The trial was before the mayor, J. W. McKinnon. Philip Cumberford was sworn as a witness before the mayor and testified. The defendant was also present and was given an opportunity to cross-question the witness, and. he did cross-examine him." The witness was then asked the following question: "What did Philip Cumberford swear at that trial?" The bill of exceptions sets out that this question was "objected to by the defendant on the ground that it is hearsay, and on the further grounds that the constitution of Florida requires that the defendant shall be confronted with the witnesses against him at his trial, and that he shall be allowed to meet such witnesses face to face. Which said objection was overruled by the court, to which ruling the defendant then and there excepted." Upon this ruling is predicated the third assignment.

The rule seems to be well settled that "facts may be established by evidence thereof given on a former trial, provided the court is satisfied: (1) That the party against whom the evidence is offered, or his privy, was a party on the former trial; (2) that the issue is substantially the same in the two cases; (3) that the witness who proposes to testify to the former evidence is able to state it with satisfactory correctness; and (4) that a sufficient reason is shown why the original witness is not produced." 16 Cyc. 1088. Also see Section 163 of 1 Greenleaf's Evidence (16th ed.), which is as follows:

The chief reasons for the exclusion of hearsay evidence are the want of the sanction of an oath, and of any

opportunity to cross-examine the witness. But where the testimony was given under oath, in a judicial proceeding, in which the adverse litigant was a party and where he had the power to cross-examine, and was legally called upon so to do, the great and ordinary test of truth being no longer wanting, the testimony so given is admitted, after the decease of the witness, in any. subsequent suit between the same parties. It is also received, if the witness, though not dead, is out of the jurisdiction, or cannot be found after diligent search, or is insane or sick, and unable to testify, or has been summoned, but appears to have been kept away by the adverse party. But the testimony thus offered is open to all the objections which might be taken if the witness were personally present." Also see authorities cited in notes; the topic, "Former testimony," in 5 Ency. of Ev. 883 to 965, where the subject is fully discussed, and many authorities cited; 2 Wigmore's Evidence, §1395 et seq.; Chamberlayne's Best on Evidence (3rd Amer. Ed.) page 453 et seq. The great weight of authority is to the effect that the admission of such testimony, when a proper predicate has been laid therefor, is not violative either of the hearsay rule or the constitutional provision of confrontation. As is said in 5 Ency. of Ev. 912, "In order that former testimony may be provable, it must have been taken in the course of a judicial proceeding in a competent tribunal. The particular character of the tribunal or proceeding, however, is immaterial so long as it is judicial in its nature." Also see authorities there cited in note 96; Pruitt v. State, 92 Ala. 41, 9 South Rep. 406; Lucas v. State, 96 Ala. 51, 11 South. Rep. 216; Sullivan v. State, 6 Tex. Ct. App. 319, S. C. 32 Amer. Rep. 580; Territory of Idaho v. Evans, 2 Idaho 627, 23 Pac. Rep. 232, S. C. 7 L. R. A. 646; Lowe v. State, 86 Ala. 47, 5 South. Rep. 435. The opinion in

the last cited case, which was rendered by Mr. Justice SOMERVILLE, will be found to be very much in point. Prior decisions and text-writers are cited and reviewed therein, and the rule clearly stated, as well as the principles upon which it is based. As we have already seen, the State had laid a proper predicate for the introduction of this former testimony by calling the sheriff of the county as a witness and eliciting from him the facts that he had made every effort to secure the attendance of such absent witness, having an attachment for him but being unable to locate him and that he had no idea where such absent witness was then. We further find that the defendant himself brought out on his cross-examination of the witness, W. B. Davis, to whose testimony on the direct examination he had interposed the objection in question, the fact that such witness had prosecuted the defendant on behalf of the town of Perry in the mayor's court, that he had seen the absent witness, Philip Cumberford, but once or twice at the time of such trial, stating that he thought he had seen him for the first time the day before the trial, and had never seen him since and did not know anything of his present whereabouts. It was further brought out by the defendant on such cross-examination that such absent witness came to Perry on an excursion or work train, probably an excursion train, two or three days before the trial in the mayor's court, got drunk and was put in the calaboose the night before the trial and left the morning after the trial, also that he was a pretty tough-looking character. In other words, we think the proper inference or conclusion to be drawn from the testimony brought out at the trial of the defendant in the circuit court is that such absent witness was of nomadic habits, who drifted into Perry from nobody knows where on an excursion train, got drunk, remained there two or three days and departed to parts unknown.

In the opinion rendered by Mr. Justice SOMERVILLE in Lowe v. State he quotes with approval the following note from 1 Greenleaf's Evidence (14th ed.) Section 163: "If the witness has gone, no one knows whither, and his place of abode cannot be ascertained by diligent inquiry, the case can hardly be distinguished in principle from that of his death, and it would seem that his former testimony ought to be admitted." This language would appear to be very much in point. So far as is disclosed by the bill of exceptions, there was no suggestion or intimation to the trial court that sufficient effort had not been made to find such absent witness and secure his presence at the trial, or that by further search or more diligent effort he might be located. It does not appear that any one at the trial knew where he was. Obviously, it is for the trial court to pass upon and determine whether or not a sufficient and proper predicate has been laid for the introduction of such former testimony. In the case at bar the trial court was of the opinion that such predicate had been laid, and, upon the showing made to us, we do not feel called upon to disturb the ruling. We fully appreciate the necessity of requiring a compliance with the rule in such cases and have no disposition or inclination for a relaxation of any of the safe-guards that have been thrown around it. Further discussion seems unnecessary, as we are clearly of the opinion that no error has been made to appear to us in overruling the grounds of objection urged. The case at bar presents a different question from the one passed upon in Dorman v. State, 48 Fla. 18, 37 South. Rep. 561.

The fourth assignment is based upon the sustaining of an objection made on behalf of the State to a question propounded by the defendant to the witness, W. B. Davis. We cannot consider it for the reason that the bill of

exceptions fails to show any such question, objection or ruling.

The fifth assignment is as follows: "The court erred in overruling the motion of the defendant below to strike the evidence of W. H. Young." We find that the motion was to strike the entire evidence of the witness on the ground of immateriality and irrelevancy. Since part of the testimony of the witness was clearly admissible, the motion was too broad and was properly overruled. See discussion and authorities cited in disposing of the first assignment.

The sixth assignment is as follows: "The court erred in overruling defendant's motion to strike the evidence with reference to a trial before the mayor." We find that, after the State had rested its case, the "defendant renews his motion to strike the evidence with reference to a trial before the mayor of the defendant, on the grounds that if there was such a trial there should be and perhaps is a record of it and the record is the best evidence. Motion overruled by the court, to which ruling the defendant excepted." No error is made to appear here. What we have already said effectually disposes of this contention. We might add that the motion was directed to matters in pais, which need not, and frequently never, become matters of record.

The seventh assignment is, "The court erred in not requiring the State Attorney during the course of his argument to the jury after using the following language to withdraw the same, to-wit: 'How many more people have seen other barrels beside those testified to by Mr. Cobb?'" The eighth assignment is to the same effect. All that is disclosed by the bill of exceptions is that during his argument to the jury the State Attorney used such language, "and the said court did not require the said State Attorney to withdraw said langauge upon the

same being objected to by counsel for the defendant, to which the defendant, by his counsel, then and there excepted." No grounds of objection are stated and it is not made to appear to us wherein any error was committed by the trial court. See the discussion and authorities cited in Clinton v. State, 53 Fla. 98, 43 South. Rep. 312.

The ninth assignment is predicated upon not requiring the State Attorney to withdraw certain other language used by him in his argument, but we cannot consider it for the reason that it is not set forth in the bill of exceptions.

The tenth assignment is based upon the following portion of the general charge given to the jury:

"If you should find from the evidence that the defendant had or kept in his place of business such quantities of spirituous, vinous or malt liquors as to confirm the belief of the illegal sale of the same shall be *prima facie* evidence of the selling of liquors, contrary to the law, but law does not apply to persons keeping a reasonable amount of spirituous liquors in his private residence for private use, but this exception does not apply where such quantities are kept in a person's place of business, as to confirm the belief of illegal sale of same. It applies to where it is kept in his private residence. Then if you should believe from the evidence that the defendant ordered large quantities of the liquors, wines or *malt* beer, and that he had or kept in his usual place of business such quantities therein as to confirm in your belief of the illegal sale of same, or that such quantities was found therein by the sheriff, then this is *prima facie* evidence of the illegal sale of same, but this is only *prima facie* and may be rebutted by evidence."

As is contended by the defendant, this was doubtless

based on Section 3561 of the General Statutes of 1906, which is as follows:

"3561.   Searches without warrant.—It shall be the duty of all sheriffs, deputy sheriffs, constables and police officers in their respective jurisdictions, and they are hereby authorized and empowered to enter any building, booth, tent or other place, or part thereof, with or without warrant, in which they have good cause to suspect that spirituous, vinous or malt liquors are kept for sale, contrary to law, and to seize the same and arrest the parties so engaged in such sales, and if such liquors in such quantities as to confirm the belief of illegal sales of the same be found in the building, booth, tent or other place, the same shall be *prima facie* evidence of the selling of liquor contrary to law: Provided, however, That this law shall not be so construed as to apply to persons keeping a reasonable amount of spirituous liquors in his private residence for private use."

This originally formed Section 2 of Chapter 4932, Laws of 1901, and as originally enacted related to and was confined to "the selling of liquors in counties or precincts voting against such sales." However, when it was brought forward into the General Statutes such limitation or restriction was removed and it was made general in its application, therefore, the sole contention of the defendant as to its inapplicability must fail.

The eleventh and last assignment is based upon the overruling of the motion for a new trial. This motion contains fifteen grounds, but is submitted without argument, the defendant relying upon the assignments previously argued and which we have already disposed of, which also constitute grounds in such motion. It is the settled practice in this court to consider only such grounds of the motion for a new trial as are argued, treating the other grounds as abandoned, consequently this assign-

ment presents nothing for our consideration.   See John-
son v. State, 55 Fla. 41, 46 South. Rep. 174, and au-
thorities there cited.

No error having been made to appear to us, the judg-
ment is affirmed.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the
opinion.