65 So.2d 307 (1953)
DAVIS
v.
STATE.
Supreme Court of Florida, Division B.
May 19, 1953.
Joseph A. Varon, Hollywood, for appellant.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for appellee.
DREW, Justice.
Appellant, Alvin Charles Davis, was arrested in the early morning of April 2, 1952, in Broward County and charged with breaking and entering. Seven days later a preliminary hearing was held before the County Judge of said County, at which hearing the appellant was present with counsel and cross-examined witnesses who testified. Among those who testified and who were cross-examined by counsel for appellant were Frank V. Merrick, Elvira Merrick, Walter S. Sisson, Gertrude Durke, W.D. Stevenson, Ethel Stevenson and Carl W. Henderson.
An information was thereafter (April 15, 1952) filed by the County Solicitor of Broward County against appellant charging him with breaking and entering a dwelling house with the intent to commit a misdemeanor, to wit, petit larceny. On that charge he was tried, the jury returned a guilty verdict and a judgment of guilty was entered. This appeal is from that judgment.
At the trial a deputy sheriff testified that the seven witnesses heretofore named had left the county, had returned North and could not be found for the service of a witness subpoena. He said he had made one attempt to serve the subpoena but the places where the witnesses had resided had closed for the summer and he was told that they had gone North. After this evidence was introduced the County Solicitor then produced the Court Reporter, who took the evidence at the preliminary hearing, who, over the vigorous objection of the appellant, then read in the record and to the jury the evidence of these witnesses before the County Judge taken at the preliminary hearing. The testimony of these witnesses consumed 35 pages of the record.
Appellant presents here two questions for determination. They are:
First question: Is the transcript of testimony of complaining witnesses adduced at a preliminary hearing before the County Judge admissible in a subsequent trial before the Criminal Court of Record in the absence of the witnesses without violating the constitutional guarantee of confrontation of witnesses by the accused?
Second question: Is a proper predicate established for the admissibility of the *308 transcript of testimony of an absent non-resident witness by showing that one attempt was made to serve the witness with a subpoena at which time the process server was told that the witness had gone?
As to the first question the State contends that the testimony of the seven witnesses is admissible under Sections 932.31 and 92.22, Florida Statutes 1951, F.S.A., which, respectively, read as follows:
"932.31 Same; competency as in civil cases
"The provisions of law relative to the competency of witnesses and evidence in civil cases shall obtain also in criminal cases, except in cases otherwise provided by law."
"92.22 Use of former bills of exceptions as evidence; use of evidence given on former trial
"In the event it be made to appear to the satisfaction of the court that any evidence used at a trial of a civil case, whether oral or written, and incorporated in a bill of exceptions, or incorporated in the record proper can not be had, then the bill of exceptions taken at the trial, or the evidence incorporated in the record of the trial, may be used as evidence upon any subsequent trial or hearing of the case, or in any other civil cause or civil proceeding, as to any matter in issue at a previous trial or hearing; and, further, in the event that such evidence is not so preserved as before stated, then the same may be used at a subsequent trial or hearing, or in any other civil cause or civil proceeding involving substantially the same issue; if (1) such evidence has at such former trial been reported stenographically or reduced to writing in the presence of the court; (2) that the party against whom the evidence is offered, or his privy, was a party on the former trial; (3) that the issue is substantially the same in both cases; (4) that a substantial reason is shown why the original witness or document is not produced; and, (5) that the court is satisfied that the report of such evidence taken at such former trial is a correct report."
It contends that these statutes are applicable to criminal proceedings and that inasmuch as the defendant below had the witnesses confront him and cross-examined them at the preliminary hearing, the requirements of Section 11, Declaration of Rights of the Florida Constitution, F.S.A., providing: "In all criminal prosecutions, the accused shall have the right * * to meet the witnesses against him face to face * * *" has been met. See: Blackwell v. State; Putnal v. State; Young v. State, infra.
A preliminary hearing is for the purpose of determining if probable cause exists to hold one accused of a crime for trial. Section 902.13, F.S.A., provides that if it appears from the evidence (at such hearing) that an offense has been committed or if one has been committed there is not probable cause to believe the defendant guilty thereof, the defendant shall be discharged. The magistrate conducting a preliminary hearing must be an officer not empowered to try and determine the offense. Section 902.01, F.S.A. On these proceedings there are no issues, as such expression is technically understood. If there is an issue, certainly it is not "substantially the same" as required by the statute. There is no jury present at a preliminary hearing, the strict rules of evidence are not enforced at the time and no formal charges are existing or filed against the defendant. The whole proceedings partake of the nature of an inquiry and, outside of being conducted by a magistrate (perhaps in a court house), bears little or no resemblance to a trial.
The plain language of the statute upon which the State relies, even if we attach no importance to the repeated reference to the words, "civil case" and "civil proceedings" used therein, excludes evidence of the type here under discussion. The statute requires it to be (1) evidence at "such former trial"; (2) that the defendant be a party "on the former trial"; (3) that the issue be "substantially the same in both cases"; (4) that "a substantial reason" *309 be shown why the original witness was not produced; and (5) "that the court is satisfied that the report of such evidence taken at such former trial" is accurate. Under no stretch of the imagination could the evidence here attacked be brought within the four corners of the above statute.
Chapter 902, F.S.A., relates to preliminary examinations in criminal cases. It is interesting to note that the Chapter makes no direct provision for the use of such evidence in a criminal trial, except in two instances. The first is, 902.12, that if the defendant testifies, and if he signs his deposition it may be used against him at the trial, and the second is that, in the case of depositions taken under Section 902.17, F.S.A. of a witness who does not give security, that such deposition may be used in the trial by the defendant. The statute prohibits its use by the State "unless the defendant consents thereto." This chapter clearly negatives the idea that  even if such evidence would be admissible in view of the provisions of the Constitution above quoted  the Legislature ever intended that evidence at a preliminary hearing could be used in the trial of a defendant on an information based upon the evidence so adduced.
Because we have determined that the evidence of the seven witnesses mentioned was inadmissible for the reasons above stated, it is unnecessary for us to determine whether the statute violates the provisions of the Constitution guaranteeing confrontation or the second question above set forth, which matters are discussed in Blackwell v. State, 79 Fla. 709, 86 So. 224, 15 A.L.R. 465; Putnal v. State, 56 Fla. 86, 47 So. 864; Young v. State, 85 Fla. 348, 96 So. 381, 384.
At the bar of this Court the State urged that even though the evidence of the seven witnesses was improperly introduced, the remaining evidence was so conclusive of defendant's guilt that such erroneous introduction was harmless error. That same proposition was presented to this Court in the case of Young v. State, supra, which involved this same statute but where the questioned evidence was given in a previous murder trial of the same defendant. We dispose of it exactly as the Court did in that case by stating, as the Court did then, "This court cannot look into the minds of the jury and determine to what extent such testimony induced the verdict. Nor can we say that it had no effect and was harmless."
Reversed and remanded for a new trial.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.