WIGGINTON, Judge.
Appellant was indicted, tried by a jury, and found guilty of murder in the first degree. From his judgment of conviction and sentence this appeal is taken.
The sole point on appeal challenges the correctness of the trial court’s ruling which admitted into evidence over appellant’s timely objection a transcript of the testimony given by a state witness during appellant’s preliminary hearing prior to trial.
The facts in this case are not in dispute. Appellant was arrested on a warrant charging him with first degree murder. One week after his arrest a preliminary hearing was held by the County Judge of Columbia County. At this hearing a witness, one Andrew Wilson, was sworn and testified on behalf of the State. Wilson identified appellant as the person who bludgeoned to death the victim of the crime with which appellant was charged. Appellant was present at the preliminary hearing and represented by counsel who fully cross-examined the witness. .
The State established that subsequent to the preliminary hearing but prior to trial the witness, Andrew Wilson, met his death by accidental means and was therefore not available to testify as a witness. Upon that predicate the State proffered in evidence a certified transcript of the testimony given by Wilson at the preliminary hearing. Appellant timely objected to the introduction of this testimony on the ground that it denied him his constitutional right to confront at trial adverse witnesses testifying against him.[1] Appellant’s objection was overruled and the testimony of Wilson was read into the record. The court instructed the jury over appellant’s objection that the transcript of Wilson’s testimony was to be considered by it in the same manner as though the witness had personally appeared in court and testified.
It was stipulated between counsel for the parties that the only evidence directly implicating appellant as the perpetrator of the crime with which he was charged was the testimony given by Wilson at the preliminary hearing.
It is appellant’s contention on this appeal that the established rule of law which provides that testimony of a witness taken at an earlier trial between the parties may be admitted in evidence' at a later trial involving the same parties and issues under certain qualifying conditions, is not applicable to the case sub judice. Appellant contends that a preliminary hearing conducted by a magistrate pursuant to the statutes of this state[2] and the rule of court applicable thereto [3] cannot be equated with a judicial trial and, therefore, the testimony given by witnesses at the preliminary hearing should not be accorded the same status or be received on the same basis as testimony given by witnesses during a trial on the merits of the charge in issue. Appellant argues, and correctly so, that the sole purpose of a preliminary hearing is to ascertain if a crime has been committed and, if so, whether the evidence establishes sufficient probable cause to believe that the person charged is the one guilty of having committed it. At such a hearing the strict rules of evidence are relaxed and the proceeding partakes of the nature of an inquiry bearing little resemblance to a judicial trial.[4] It has been correctly held that a preliminary hearing is not a step in due process of law nor *840 a prerequisite to a criminal prosecution but serves only to determine whether probable cause exists to hold the accused for trial.[5]
Appellant also correctly invites attention to the fact that a preliminary hearing is required to be held without unnecessary delay after an arrest and before any formal charges have been filed against the accused. Under these circumstances the accused’s attorney, if one has then been engaged or appointed to represent him, has done little toward investigating or preparing for a defense of the charge and therefore is not in an adequate position to intelligently cross-examine the witnesses whose testimony is adduced by the State. Since the only issue before the magistrate is that of probable cause, defendant’s counsel seldom deems it wise or prudent to disclose the theory of his defense or the evidence on which he will rely at trial by conducting a searching cross-examination of the State’s witnesses at the hearing. Appellant therefore urges that the opportunity for cross-examination of the State’s witnesses at a preliminary hearing does not form an adequate basis for satisfying the constitutional guarantee of the right to confront at trial adverse witnesses and subject them to an intelligent and meaningful cross-examination on the testimony given by them.
In the early case of Blackwell v. State [6] the Supreme Court considered whether a transcript of testimony given by witnesses at a former trial of the same case was admissible in evidence at the later trial because the witnesses were ill and could not appear to testify in person. In holding that a transcript of such testimony was admissible at the second trial, the Supreme Court adopted and quoted with approval the following principle of law, to wit:
“ ‘Because of the universal constitutional right of the accused to be confronted by the witnesses, it is absolut'ély necessary, in order that the testimony of a deceased or absent witness may be admissible at a subsequent trial against the accused, that the party against whom it is offered should have had an opportunity of cross-examining him at the earlier trial.
“ ‘If the accused has once enjoyed his right to confront witnesses, his constitutional right to meet the witnesses against him face to face is not violated by the admission of the testimony of such a witness, who is absent, at a subsequent trial. Hence, if the defendant was represented by counsel at the preliminary examination and has had an opportunity of cross-examining the witnesses, he has enjoyed his right to meet his accusers face to face, and no objection exists to receiving the testimony of deceased or insane witnesses.’
“Underhill on Criminal Evidence (2d Ed.) § 265.”
It will be noted that the above-quoted authority holds as admissible not only a transcript of testimony of an absent witness taken at a former trial but also the testimony of an absent witness taken at a preliminary hearing before trial. No distinction is made between a preliminary hearing and a former trial insofar as concerns the admissibility of testimony given by an unavoidably absent witness.
This question was again raised and considered by the Supreme Court of our state in the case of Davis v. State[7] decided in 1953 in which it reached a decision contrary to its prior holding in Blackwell, supra. The factual situation in Davis is identical in all material respects with the factual situation in the case sub judice. The question on appeal involved the admissibility of a trancript of testimony given at a preliminary hearing by several wit *841 nesses whose attendance could not be procured at the trial. In holding that the transcript of such testimony was not admissible against the defendant at the trial, the Supreme Court gave as reasons the same ones advanced by appellant in the case sub judice. In addition, the Supreme Court pointed out that the statutes of this state which permit the deposition to be taken of a material witness who testifies at a preliminary hearing strictly prohibit such deposition from being used as substantive evidence by the State at the trial except with the consent of the defendant. In this connection, the Supreme Court said:
“Chapter 902, F.S.A., relates to preliminary examinations in criminal cases. It is interesting to note that the Chapter makes no direct provision for the use of such evidence in a criminal trial, except in two instances. The first is, 902.12, that if the defendant testifies, and if he signs his deposition it may be used against him at the trial, and the second is that, in the case of depositions taken under Section 902.17, F.S.A. of a witness who does not give security, that such deposition may be used in the trial by the defendant. The statute prohibits its use by the State ‘unless the defendant consents thereto.’ This chapter clearly negatives the idea that — even if such evidence would be admissible in view of the provisions of the Constitution above quoted — the Legislature ever intended that evidence at a preliminary hearing could be used in the trial of a defendant on an information based upon the evidence so adduced.”
The statute referred to by the court in Davis, to wit, F.S. § 902.17, F.S.A., continues in pertinent parts to remain the law of this state and prohibits the State from offering as substantive evidence at the trial any deposition given by a material witness who testified at the preliminary hearing unless consented to by the defendant.[8] It would logically follow that if the deposition of a material witness who testified at the preliminary hearing may not be used by the State as substantive evidence at the trial without defendant’s consent, then by the same token the use of a transcript of that witness’ testimony given at the preliminary hearing would likewise be prohibited unless consented to by defendant. No such consent was given in the case sub judice, but on the contrary appellant objected to the introduction in evidence of the transcript of the testimony given by the absent witness, Andrew Wilson.
The Supreme Court’s decision in the Davis case was evidently superseded and overruled by the Supreme Court in the decision recently rendered by it in the case of Richardson v. State.[9] In Richardson a witness named Washington testified at defendant’s preliminary hearing, giving evidence which tended to incriminate defendant as the perpetrator of the crime with which he was charged. The testimony was neither reported nor transcribed, however, defendant was represented by counsel who cross-examined Washington on the testi *842 mony given by him on direct examination. Washington was murdered subsequent to the time he testified at the preliminary hearing and before the time the trial was held. During the trial the court admitted in evidence the testimony of five witnesses who were present at the preliminary hearing and heard the witness Washington testify against defendant Richardson. These witnesses were permitted to testify at the trial, over defendant’s objection, their recollection of what the witness Washington testified to at the preliminary hearing. In affirming the trial court’s ruling that the questioned testimony of the bystanding witnesses was admissible, our Supreme Court relied on and quoted with approval from Professor Wigmore’s treatise on evidence as follows:
“ ‘When, therefore, a statement has already been subjected to cross-examination and is hence admitted — as in the case of a deposition or testimony at a former trial, — it comes in because the rule is satisfied, — not because an exception to the rule is allowed. The statement may have been made before the present trial, but if it has been already subjected to proper cross-examination, it has satisfied the rule and needs no exception in its favor. This is worth clear appreciation, because it involves the whole theory of the rule.’
“Specifically, regarding testimony before a committing magistrate or a justice of the peace, Wigmore states:
“ ‘If there was under the procedure of that official an opportunity of cross-examination, the testimony is admissible; otherwise, not. There never has been any doubt on this point since the establishment of the general doctrine (ante § 1364) in R. v. Paine, in 1696 * * ” [10]
In its decision in Richardson, the Supreme Court quoted with approval from its former decision in Blackwell, supra, which held that a transcript of testimony given by a witness at a preliminary hearing was admissible at the" trial if the witness was absent and his presence could not be reasonably procured by the State. In its apparent rejection of its former decision in Davis, supra, the Supreme Court said:
“There are statements in the Davis case to the effect that former testimony given at a preliminary hearing is not entitled to be received on an equal basis with testimony given at a former trial because of the nature of the preliminary hearing. We have found no authorities recognizing such a distinction. Whether the former testimony was given at a preliminary hearing or at a former trial, is immaterial so long as there was full and adequate opportunity to confront and cross-examine the witness.” [11]
It would logically follow that under the position currently taken by the Supreme Court of Florida on this issue if the testimony of bystanders at a preliminary hearing is admissible at trial to prove what they heard absent witnesses testify to at the preliminary hearing, then by the same token a certified transcript of the testimony given by a witness at the preliminary hearing is likewise admissible at the trial if the qualifying conditions for such admissibility are met.
We find nothing in the Richardson opinion which refers to or disposes of the existing statutory provision which prohibits the State from introducing as substantive evidence at the trial the deposition of a material witness whose testimony was taken at a preliminary hearing as proscribed by F.S. Section 902,17, F.S.A. It would therefore appear to be the law of this state as decided by the Supreme Court in Richardson that although a transcript of the testimony given by a witness at a preliminary hearing may be introduced as substantive evidence against the defendant *843 at his trial provided he had the opportunity of cross-examination at the preliminary hearing, a deposition given by such witness after the preliminary hearing containing the same testimony which he gave during the hearing would not be admissible under the statute unless consented to by the defendant.
The Supreme Court’s current position on this question harmonizes with the dictum found in an opinion rendered'- by the Supreme Court of the United States in California v. Green.[12] In that decision the court said:
“We also think that Porter’s preliminary hearing testimony was admissible as far as the Constitution is concerned wholly apart from the question of whether respondent had an effective opportunity for confrontation at the subsequent trial. For Porter’s statement at the preliminary hearing had already been given under circumstances closely approximating those that surround the typical trial. Porter was under oath; respondent was represented by counsel— the same counsel in fact who later represented him at the trial; respondent had every opportunity to cross-examine Porter as to his statement; and the proceedings were conducted before a judicial tribunal, equipped to provide a judicial record of the hearings. Under these circumstances, Porter’s statement would, we think, have been admissible at trial even in Porter’s absence if Porter had been actually unavailable, despite good-faith efforts of the State to produce him. That being the case, we do not think a different result should follow where the witness is actually produced.”
Based upon the foregoing authorities, the judgment appealed herein is affirmed.
CARROL, DONALD K., Acting C. J., and RAWLS, J., concur.

.Art. I, § 16, Fla.Const., F.S.A.
“In all criminal prosecutions tlie accused shall * * * have the right * * * to confront at trial adverse witnesses, * * *

. F.S. § 901.23, F.S.A.; F.S. Ch. 902, F.S.A.

. Rule 1.122, Cr.P.R., 33 F.S.A.

. 9 Fla.Jur. 160, Criminal Law, § 133.

. Sangaree v. Hamlin (Fla.1970) 235 So.2d 729; Baugus v. State (Fla.1962) 141 So.2d 264.

. Blackwell v. State, 79 Fla. 709, 86 So. 224, 229.

. Davis v. State (Fla.1953) 65 So.2d 307, 309.

. F.S. § 902.17(3), F.S.A.
“If it appears from examination on oath of the witness or any other person that the witness is unable to give security, the magistrate or the court having jurisdiction to try the defendant shall make an order finding that fact, and the witness shall be detained pending application for his conditional examination. Within three (3) days from the entry of the order the witness shall be conditionally examined on application of the state or the defendant. The examination shall be by question and answer in the presence of the other party and counsel, and shall be transcribed by a court reporter or stenographer selected by the parties. At the completion of the examination the witness shall be discharged. The deposition of the witness may be introduced in evidence at the trial by the defendant, or, if the prosecuting attorney and the defendant and his counsel agree, it may be admitted in evidence by stipulation. The deposition shall not be admitted on behalf of the state without the consent of the defendant.”

. Richardson v. State (Fla.1971) 247 So.2d 296.

. Id. at 300.

. Id. at 302.

. California v. Green, 399 U.S. 149, 165, 90 S.Ct. 1930, 1938-1939, 26 L.Ed.2d 489 (1970).