269 So.2d 403 (1972)
Robert Earl OUTLAW, a/K/a L.J. Outlaw, Appellant,
v.
STATE of Florida, Appellee.
No. 72-50.
District Court of Appeal of Florida, Fourth District.
November 22, 1972.
Charles W. Musgrove, Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William W. Herring, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant was convicted of first degree murder. He presents four points, none of which requires reversal. The only point which merits discussion concerns the use, at trial, of testimony given by a witness for the State at appellant's preliminary hearing.
During the course of appellant's trial the prosecutor advised the trial judge that in spite of a diligent search the State had been unable to locate an eye witness to the offense for which appellant was charged. The court ruled that the witness's testimony from the preliminary hearing could be used if the State first laid a proper predicate by showing, inter alia, actual nonavailability of the witness and a diligent effort by the State to locate the missing witness. Two witnesses testified for the State, outside the jury's presence, on the *404 question of due diligence. Their testimony established that various members of the State Attorney's staff and the Broward County Sheriff's office had attempted to locate the witness by contacting her friends, her former employer, and her landlord. Several addresses were checked out. Phone calls were made to her family in Gainesville and the authorities there. All efforts were to no avail. A witness subpoena was prepared but apparently was not delivered to the sheriff. The trial judge concluded that the witness was in fact unavailable and that the State had made a legitimate effort to locate her. Consequently, the transcript of the testimony given by the witness at the preliminary hearing was ruled admissible, and this ruling is assigned as error.
The parties agree that there is authority for use at trial of testimony from a preliminary hearing if, among other things, there is an adequate showing that the witness is unavailable for trial. See, Richardson v. State, Fla. 1971, 247 So.2d 296, and James v. State, Fla.App. 1971, 254 So.2d 838. The burden of demonstrating the unavailability of a witness for trial rests on the party that seeks to use the missing witness's previous testimony. The responsibility for evaluating the adequacy of the showing of nonavailability rests with the trial judge, and his determination of this issue will not be disturbed unless an abuse of discretion clearly appears. For authority which either expressly or impliedly support this view, see: People v. Franquelin, 1952, 109 Cal. App.2d 777, 241 P.2d 651; Richardson v. State, supra; Blackwell v. State, 1920, 79 Fla. 709, 86 So. 224; Putnal v. State, 1908, 56 Fla. 86, 47 So. 864; Dorman v. State, 1904, 48 Fla. 18, 37 So. 561; Davis v. State, 1960, 171 Neb. 333, 106 N.W.2d 490, cert. denied, 366 U.S. 973, 81 S.Ct. 1939, 6 L.Ed.2d 1262 (1961); and 5 Wigmore, Evidence, Sections 50, 56 (3d ed. 1940). For a contra view see Davis v. State, Fla. 1953, 65 So.2d 307 and Young v. State, 1923, 85 Fla. 348, 96 So. 381, both of which appear to have been superseded by Richardson v. State, supra.
Appellant contends that the court abused its discretion because as a matter of law the State's showing was insufficient to permit the court to find that the State had discharged its burden of laying a proper predicate for use of the preliminary hearing testimony. We disagree, unless it can be said that when the whereabouts of a witness is unknown any effort by the State to lay the proper predicate (i.e., to show the State's diligence in locating the witness and the actual unavailability of the witness) must necessarily be insufficient as a matter of law absent a showing that a witness subpoena was issued, delivered to the sheriff of any county in which the witness is reasonably believed to be located, and returned by the sheriff unserved because of inability to locate the witness. Without question, evidence as to whether the State had or had not utilized the resources and facilities of the sheriff's department would be for the court to consider in reaching a determination as to whether there had been an adequate showing of diligence and unavailability of the witness. But we expressly hold that the State's failure to have the subpoena issued and delivered to the sheriff's department for service upon the witness does not ipso facto act to deprive the trial court of its discretion to determine the sufficiency of the predicate.
Affirmed.
MAGER, J., concurs.
WHITE, JOS. S., Associate Judge, dissents with opinion.
WHITE, JOS. S., Associate Judge (dissenting).
I find myself unable to agree to an affirmance in this case. At the trial there was admitted in evidence on behalf of the State, and over defendant's objection, a statement of a witness given at a preliminary *405 hearing. There was testimony of an investigator for the State Attorney's office describing a search for the witness, as a result of which the witness was not found. A witness subpoena had been issued for the witness, but apparently it was neither delivered to the Sheriff of Broward County, the witness's place of residence, nor the Sheriff of Alachua County, to which place it was reported the witness had departed.
The use of a statement such as was used at the trial concerns defendant's constitutional right to meet the witness face to face in the presence of the jury.
There are several Florida cases dealing with the subject. Most of them in which the use of such a statement was approved deal with absent witnesses who were dead or too ill at the time to attend court. Four cases, namely, Dorman v. State, 48 Fla. 18, 37 So. 561; Putnal v. State, 56 Fla. 86, 47 So. 864; Young v. State, 85 Fla. 348, 96 So. 381; and Davis v. State, Fla. 1953, 65 So.2d 307, concern use of such a statement when the witness's whereabouts was unknown. In only one of these cases (Putnal v. State) did the court permit use of the statement. In that case the witness subpoena was, in fact, placed in the Sheriff's hands and the Sheriff, himself, testified concerning the result of his efforts to serve the subpoena. In the other cases the use of the statement was denied.
The sheriff, and the sheriff alone, is the officer of court charged with the duty and responsibility of serving witness subpoenas. When such a document is placed in the hands of the sheriff, and not until then, is the total power of the State of Florida made available for the location of the witness and his production in court.
Obviously, in view of constitutional restrictions on the use of such a statement, any rule on the subject which has the effect of circumventing constitutional provisions, should be carefully and strictly applied. Not to resort to the power and experience of the office of Sheriff, and its corps of deputies, is to fail to use the very machinery available to the court for this express purpose.
I would reverse the case for a new trial.