995 So.2d 532 (2008)
Javado THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3179.
District Court of Appeal of Florida, Second District.
August 1, 2008.
*533 James Marion Moorman, Public Defender, and Maura J. Kiefer, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Javado Thompson appeals his conviction and sentence for aggravated assault with a firearm. He argues that the trial court erred in allowing into evidence the deceased victim's testimony from Mr. Thompson's adversarial preliminary hearing. We affirm.
Because the victim was unavailable for trial, his preliminary hearing testimony was admissible as former testimony under section 90.804(2)(a), Florida Statutes (2006). See State v. Hill, 504 So.2d 407, 410-11 (Fla. 2d DCA 1987); cf. Penalver v. State, 926 So.2d 1118, 1135 (Fla.2006) (discussing requirements for admission of prior adversarial hearing testimony).
"The use of prior testimony is allowed where (1) the testimony was taken in the course of a judicial proceeding; (2) the party against whom the evidence is being offered was a party in the former proceeding; (3) the issues in the prior case are similar to those in the case at hand; and (4) a substantial reason is shown why the original witness is not available."
*534 Ibar v. State, 938 So.2d 451, 464 (Fla.2006) (quoting Thompson v. State, 619 So.2d 261, 265 (Fla.1993)), cert. denied, ___ U.S. ___, 127 S.Ct. 1326, 167 L.Ed.2d 79 (2007). Each element is satisfied here. The witness's testimony was taken at a preliminary hearing involving the charges against Mr. Thompson. Identification of the perpetrator was at issue at trial and at the preliminary hearing. And, unfortunately, the witness was murdered prior to trial.
The facts of Mr. Thompson's case are virtually identical to those in James v. State, 254 So.2d 838 (Fla. 1st DCA 1971). In both cases the victims were deceased at the time of trial. See id. at 839. Similarly, each witness identified the defendant as the perpetrator of the charged crimes in sworn testimony at a preliminary hearing, where the defendant was present and represented by counsel who cross-examined the witness. See id. In James, the First District upheld the admission of the prior testimony. Id. at 839-41. We agree with the First District and see no error in the admission of the prior testimony against Mr. Thompson. Indeed, at trial, Mr. Thompson conceded that the testimony was admissible under Ibar. See 938 So.2d 451. Yet, he argues here that he was denied his confrontation rights. We are unpersuaded. To the extent Mr. Thompson relies on Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), we conclude that the victim's preliminary hearing testimony satisfied Crawford's strictures.
Crawford represents a shift in Confrontation Clause analysis. Rejecting its previous holding in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Supreme Court, in Crawford, determined that the Confrontation Clause guarantees procedural rather than substantive protections. It demands, not that evidence be reliable, but that reliability be tested "in the crucible of cross-examination." 541 U.S. at 61, 124 S.Ct. 1354. This testing applies to testimonial statements of an unavailable witness. Id. Prior testimony at a preliminary hearing is such a statement. Id. at 68, 124 S.Ct. 1354.
Florida Rule of Criminal Procedure 3.133 governs the taking of testimony at an adversarial probable cause hearing as involved here:
(b) Adversary Preliminary Hearing.
(1) When Applicable.A defendant who is not charged in an information or indictment within 21 days from the date of arrest or service of the capias on him or her shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding.
(2) Process.The judge shall issue such process as may be necessary to secure attendance of witnesses within the state for the state or the defendant.
(3) Witnesses.All witnesses shall be examined in the presence of the defendant and may be cross-examined. Either party may request that the witnesses be sequestered. At the conclusion of the testimony for the prosecution, the defendant who so elects shall be sworn and testify in his or her own behalf, and in such cases the defendant shall be warned in advance of testifying that anything he or she may say can be used against him or her at a subsequent trial. The defendant may be cross-examined in the same manner as other witnesses, and any witnesses offered by the defendant shall be sworn and examined.
The rule places no limitations on the extent of cross-examination.
*535 Mr. Thompson was present at the preliminary hearing. Because identification was an issue, he had a motivation to probe the witness's recollection and credibility. Not only did Mr. Thompson have an opportunity to cross-examine the victim, he did, in fact, through counsel cross-examine the victim. Although Mr. Thompson argued, in objection to the admission of the prior testimony, that his cross-examination would have been more thorough had he known that the prior testimony would be used at trial, he did not elaborate as to what else he would have explored with the victim at trial that he was unable to ask during the preliminary hearing.
Finally, Mr. Thompson's argument that he would have had an opportunity at trial to impeach the victim with evidence of prior felonies is unavailing. He had that chance. He raised this issue at trial, and the trial court ruled that such evidence would be admissible under section 90.806(1), Florida Statutes (2006).[1]
The trial court did not abuse its discretion in admitting the prior testimony.
Affirmed.
SILBERMAN and CANADY, JJ., Concur.
NOTES
[1] 90.806. Attacking and supporting credibility of declarant.

(1) When a hearsay statement has been admitted in evidence, credibility of the declarant may be attacked and, if attacked, may be supported by any evidence that would be admissible for those purposes if the declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time inconsistent with the declarant's hearsay statement is admissible, regardless of whether or not the declarant has been afforded an opportunity to deny or explain it.