**Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Appellant,**

v.

**William J. BOWIE, Appellee.**

**No. 22569.**

United States Court of Appeals Ninth Circuit.

March 27, 1969.

Bowie's California conviction for assault with a deadly weapon became final in 1962, and he has exhausted his state remedies. Jurisdiction of this court over the appeal is granted by 28 U.S.C. § 1291.

Bowie was arrested on December 3, 1960, after San Francisco police discovered him slashing one Peter Coletsos with a knife in the hotel where both resided. After the police had forcibly taken the knife from Bowie, Bowie stated he would have killed Coletsos for interfering in his life, and that he would have liked to get one of the policemen, too. In the preliminary hearing, at which Bowie was represented by the Public Defender, Coletsos testified that he had never seen Bowie or his wife before the stabbing incident; that Bowie kicked him in the hall without provocation; that Coletsos took a hammer from his room and attempted to escape downstairs; and that Bowie got his knife from his room and followed him. Mrs. Bowie also testified, saying her husband had been drinking heavily and taking headache pills the night of the fight, and that often the combination of pills and drinking caused her husband to have blackouts.

 Bowie was not represented by counsel at his non-jury trial. Coletsos did not testify at the trial, and the only explanation given by the prosecutor for his failure to appear was, "We attempted to subpoena Mr. Coletsos, your Honor. He's not in court this morning." However, the transcript of the preliminary hearing, including Coletsos' testimony, was admitted into evidence. We agree with the District Court that the introduction of the preliminary hearing transcript into evidence at Bowie's trial denied him his constitutional right to confront the witnesses against him. We therefore find it unnecessary to discuss the other points raised in the District Court and in the briefs. Bowie had contended that he did not voluntarily waive his right to counsel at his trial, and that his constitutional rights were violated because the trial judge did not warn him of his right not to take the stand and of the consequences that could follow if

---

Edward P. O'Brien (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Albert W. Harris, Jr., Asst. Atty. Gen., San Francisco, Cal., for appellant.

Ralph Johansen (argued), and Doris B. Walker (argued), of Treuhaft, Walker & Burnstein, Oakland, Cal., for appellee.

Before HAMLEY, HAMLIN and KOELSCH, Circuit Judges.

HAMLIN, Circuit Judge.

This is an appeal from an order of the District Court for the Northern District of California granting William Bowie's petition for a writ of habeas corpus.

he did testify. Since Bowie will be represented by counsel should the State retry him, these issues are moot. Bowie had also claimed that the statements made by him to the police officers after he was subdued should have been excluded from evidence because they were made involuntarily. However, the District Court made no findings on this issue, and we are not in a position to do so. The state court can determine their admissibility anew should the State retry Bowie.

The State contends on this appeal that Bowie's right of confrontation was not infringed because his counsel cross-examined Coletsos at the preliminary hearing. This contention is foreclosed by the recent Supreme Court case of Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). In Barber, the state introduced at trial a transcript of a witness' testimony at the preliminary hearing. The witness was not produced at trial because he was in a federal penitentiary outside the state. Although the defendant had been represented by counsel at the preliminary hearing, the Court held that the use of the transcript in the trial denied to the defendant his constitutional right to confrontation. In Barber, the defendant's counsel did not cross-examine the witness at the preliminary hearing, whereas here Coletsos was cross-examined by Bowie's counsel. However, the Court concluded in Barber,

> "Moreover, we would reach the same result on the facts of this case had petitioner's counsel actually cross-examined Woods at the preliminary hearing. * * * The right to confrontation is basically a trial right. * * * While there may be some justification for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demands of the confrontation clause where the witness is shown to be actually unavailable, this is not, as we have pointed out, such a case." 390 U.S. at 725–726, 88 S.Ct. at 1322.

■ Nor is this such a case. The only explanation given by the State at Bowie's trial for Coletsos' absence was the prosecution's statement that it had attempted to subpoena Coletsos, but that he was not in court that morning. The trial court made no inquiry into Coletsos' whereabouts, and there was no showing that Coletsos could not appear in court on another day. It is true, as the Court noted in Barber, that there is an exception to the confrontation requirement where the witness has been previously cross-examined by the defendant and is unavailable at the time of trial. But "a witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." 390 U.S. at 725, 88 S.Ct. at 1322. Clearly the evidence in this case falls far short of a showing that Coletsos was actually unavailable, and under Barber v. Page the transcript was erroneously admitted at the trial. See also Holman v. Washington, 364 F.2d 618 (5th Cir. 1966).

■ The State further contends that even if the admission of the transcript of the preliminary hearing was erroneous, it was harmless error, because it contends the trial judge did not read it before finding Bowie guilty. However, the record shows that the transcript was admitted into evidence, and that its full text appears in the record of the trial court proceedings. To assume the trial judge did not read the transcript is to assume that he failed to do his duty of considering all the evidence before him before finding Bowie guilty. In the only testimony bearing on this issue, the trial judge asked Bowie whether Bowie wanted him to read the transcript and make a decision from that, or whether Bowie wanted to testify. Bowie answered that he wanted to have the witnesses present and to question them, and let the court decide after that. Bowie did not state that he did not want the transcript of the preliminary hearing read; the judge did not state that he would not refer to the transcript. The State has the burden of showing that the trial judge did

not refer to the transcript. Certainly the showing in this case does not sustain that burden.

We hold that the use of the transcript in Bowie's trial denied him a fair trial.

The order of the District Court granting the writ of habeas corpus is affirmed, conditioned upon the failure of the State of California to commence retrial of appellant prior to July 1, 1969.