411 So.2d 316 (1982)
Billy McCLAIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1787.
District Court of Appeal of Florida, Third District.
March 23, 1982.
Taffer & Jacobs and Jack J. Taffer, Miami, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
*317 DANIEL S. PEARSON, Judge.
Neither the hospitalization of Daniel Rodriguez's wife, nor Daniel's understandable desire to be at her bedside rather than in court to testify at McClain's second trial,[1] was a basis for allowing the State, over McClain's objection, to use Daniel's testimony given at McClain's first trial.[2]
We reject the State's contention that these circumstances made Daniel "unavailable as a witness" under either Section 90.804(1)(d) or Section 90.804(1)(e), Florida Statutes (1979). Subsection (1)(d) provides that a declarant is unavailable as a witness if he
"[i]s unable to be present or to testify at the hearing because of death or because of then existing physical or mental illness or infirmity."
We are directed to no case, and have found none ourselves, which construes this language to include the death, illness or infirmity of a person other than the witness, no matter how closely related to the witness. Indeed, the very strictness with which the identical Federal Rule of Evidence has been construed in respect to the illness or infirmity of the witness himself, compare, e.g., Peterson v. United States, 344 F.2d 419 (5th Cir.1965) (witness' pregnancy with complications not sufficient to render witness unavailable), with United States v. Bell, 500 F.2d 1287 (2d Cir.1974) (witness who had undergone surgery and who would be unable to testify for at least two-and-a-half months could be determined to be unavailable), persuades us that the State's contention is untenable.
The State's argument that the witness comes within the definition in Section 90.804(1)(e) fares worse. That section provides that a declarant who
"[i]s absent from the hearing, and the proponent of his statement has been unable to procure his attendance or testimony by process or other reasonable means"
is unavailable as a witness. It should be obvious that the mere reluctance of a witness to attend a trial  understandable or not  does not mean that the State is unable to procure his attendance. The proponent of the former testimony must establish what steps it took to secure the appearance of the witness, see Government of the Canal Zone v. P (Pinto), 590 F.2d 1344 (5th Cir.1979); M.S.D., Inc. v. United States, 434 F. Supp. 85 (N.D.Ohio 1977). Here the State, with full knowledge of the witness' whereabouts,[3] did nothing to procure his attendance.[4]
Notwithstanding that we find error in the trial court's finding of unavailability and the consequent admission of Daniel's former testimony, we conclude that, under the circumstances of the case, the error was not only harmless, but one which could be said to have worked in the defendant's favor.[5] As the defendant argued to the jury, *318 the sole issue in the case was his identity as the perpetrator of the burglary of the car and the robbery of Daniel's wife, Pastora Rodriguez, who (with Daniel) occupied the vehicle. The only witness who could and did identify the defendant as the culprit was a bystander.[6] The former testimony of Daniel primarily consisted of a description of the perpetrator which substantially differed from the defendant's actual appearance and, therefore, was at odds with the bystander's testimony.[7] Accordingly, the error is harmless,[8] and the judgments of conviction under review are
Affirmed.
NOTES
[1] The defendant's first trial on the same charges resulted in a mistrial for reasons which are not clear from this record, but which are unimportant to our resolution of the issues on this appeal.
[2] There is no question here that were the unavailability requirement met, this former testimony would qualify for admission as an exception to the rule making hearsay evidence inadmissible. Section 90.804(2)(a), Florida Statutes (1979), defines former testimony as: "Testimony given as a witness at another hearing of the same or a different proceeding ... if the party against whom the testimony is offered ... had an opportunity and similar motive to develop the testimony by direct, cross or re-direct examination."
[3] Even in instances where the witness cannot be found, before the witness will be declared unavailable, there must be a showing of a good faith effort to locate him. Compare Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), with Wilson v. Bowie, 408 F.2d 1105 (9th Cir.1969).
[4] The record does not reflect whether Daniel was subpoenaed. But if he was, the record clearly reflects that no effort was made by the State to have the subpoena enforced.
[5] At oral argument, defendant's counsel conceded that Daniel's former testimony might reasonably be viewed as favorable to the defendant. He contended that Daniel's live testimony would, therefore, have cast greater doubt on the bystander's identification. While that indeed may be true, the defendant overlooks that he did not subpoena Daniel or attempt to procure his attendance, but instead resisted the introduction of Daniel's former testimony, which, while it may not have been better than live testimony, was better for him than none at all.
[6] This disposes of defendant's second point on appeal that the evidence was insufficient to establish that the defendant committed the crimes in question.
[7] The only testimony of Daniel which could be said to have aided the State was that his wife was placed in fear when the perpetrator reached into the automobile and grabbed her purse. This testimony simply corroborated the first-trial testimony of his wife, which was, because she was ill and unavailable, admitted pursuant to the defendant's stipulation. Of course, the wife's fear or lack thereof was not a critical issue given the defense of misidentification.
[8] The defendant's objection was on hearsay grounds only. Even had he asserted that his constitutional right to confront Daniel Rodriguez was violated by the trial court's ruling, we would find the violation harmless beyond any reasonable doubt. See Phillips v. Pitchess, 451 F.2d 913 (9th Cir.1971).