706 So.2d 64 (1998)
Henderson JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-515.
District Court of Appeal of Florida, Fifth District.
February 6, 1998.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer Meek, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, Judge.
Henderson James appeals from his conviction for aggravated assault with a firearm. The amended information contained a single count wherein it was alleged that James assaulted either Katrina M. Barber or Tracey Hickson with a firearm.
At trial Hickson testified that James had aimed the gun at Barber, not at herself, but that she, Hickson, had been afraid of stray bullets since she was in the same group of girls with Barber. James did not threaten Hickson. Barber apparently was unaware of any threat posed by James.
James argues that fundamental error occurred in the jury instructions which were framed so as to allow a guilty verdict based on a threat to one woman with resultant fear *65 in another woman, and that such a combination does not constitute a crime. See Pugh v. State, 624 So.2d 277 (Fla. 2d DCA 1993).
James was correct in his initial challenge to the amended information alleging error in the inclusion of multiple victims in a single count alleging aggravated assault. It is well settled that separate and distinct offenses may not generally be alleged in a single count of an information. McGahagin v. State, 17 Fla. 665, 668 (Fla.1880); State v. Dell'Orfano, 651 So.2d 1213 (Fla. 4th DCA), rev. denied, 660 So.2d 712 (Fla.1995). In McGahagin the court explained:
This indictment charges two distinct offences in one count, to-wit: "disfiguring" an ox under the 74th section and "injuring" an ox under the 79th section. It cannot be said in this case that the word "injure" as used in the indictment is mere surplusage, for the reason that the injury of personal property not otherwise "described or mentioned" in the statute, is made a felony. The criminal law never permits the joinder of two or more distinct offences in one count of an indictment. The verdict of the jury was a general one of "guilty," in no way designating of which offence the defendant was so guilty.
* * * * * *
This case is not an instance of an indictment setting out in one count a complicated offence, embracing various circumstances, which in themselves amount to offences, but it is a single count setting out two distinct and independent offences, which had no necessary connection with each other.
17 Fla. at 668.
An information must contain a statement of the facts relied upon as constituting the offense in ordinary and concise language in such manner as to enable a person of common understanding to know what is intended, and with such precision that the defendant may plead his conviction or acquittal to a separate indictment or information based upon the same facts. State v. Smith, 240 So.2d 807 (Fla.1970). To be legally sufficient, an information can neither be so vague or indefinite as to mislead or embarrass the accused, or subject him or her to multiple prosecution. Fla. R.Crim. P. 3.140(o). See, e.g., Martinez v. State, 368 So.2d 338 (Fla. 1978).
Lumping alleged victims together in a single count of aggravated assault and permitting the jury to return a verdict of "guilty as charged" creates serious due process problems. As asserted by the defendant here, the jury, based upon the instructions given could have found the defendant guilty finding that the defendant threatened Barber and that Hickson (but not Barber) was frightened by the threat. However, such a scenario would not constitute the crime of aggravated assault. See § 784.011, Fla. Stat. (defining criminal assault as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.")
It was reversible error for the court to deny the defendant's motion to dismiss the amended information and fundamental error to instruct the jury in a way which would permit the jury to find that one alleged victim was threatened while the other had a well founded fear that violence was imminent.
We cannot remand for a new trial based upon a corrected information charging aggravated assault because the evidence adduced by the state at trial was insufficient to establish the commission of that offense by the defendant against either Barber or Hickson. Double jeopardy principles preclude a retrial where an appellate court reverses a conviction due to insufficient evidence. See Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). We note that the state has not raised the issue, by way of cross-appeal, of whether attempted aggravated assault should have been submitted to the jury as a necessarily lesser included offense. See Fredericks v. State, 675 So.2d 989 (Fla. 1st DCA 1996); Hall v. State, 354 So.2d 914 (Fla. 2d DCA 1978). Although the jury was instructed on *66 discharging a firearm in public and improper exhibition of a weapon, neither offense is a necessarily lesser included offense under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), nor is either a permissive lesser included offense under the wording of the amended information as required by Brown v. State, 206 So.2d 377 (Fla.1968).
REVERSED.
DAUKSCH and GOSHORN, JJ., concur.