832 So.2d 966 (2002)
Jeremiah TINDLE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-342.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
*967 James B. Gibson, Public Defender and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Richard E. Doran, Attorney General, Tallahassee and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Jeremiah Tindle appeals his judgment and sentence which were entered by the trial court after a jury found him guilty of committing the crime of aggravated assault with a firearm.[1] Given the State's concession that the prosecutor's closing argument and the trial court's instructions to the jury were erroneous, we reverse and remand for a new trial.
Tindle was charged with one count of aggravated assault with a deadly weapon. The information charged that he committed the unlawful act against Charmaine Mixon "and/or" Corey Williams. The incident which led to Tindle's arrest arose out of a domestic violence incident. Specifically, the trial evidence established that while Charmaine Mixon and her stepfather, Corey Williams, were attempting to move furniture out of a home shared by Tindle and Mixon, Tindle threatened that he had a gun in his car and then left the house and retrieved the gun. Mixon testified that she was in fear when she saw the gun. Williams testified he had no fear about his own safety, but he was fearful about Mixon's safety.
During closing argument, the prosecutor argued that the statutory requirement of a well-founded fear that violence was about to take place did not require the State to prove that Williams feared for his own safety, but rather merely that he had a well-founded fear that violence was about to take place. Defense counsel objected to the prosecutor's closing statement arguing that it was a misstatement of the law, but the court overruled the objection. Thereafter, the trial court instructed the jury that the three elements which define assault included that Tindle's acts created, in the mind of Mixon and/or Williams, a well-founded fear that violence was about to take place.
Tindle was found guilty as charged and now challenges his conviction arguing that the prosecutor's closing argument was improper and that the trial court's jury instruction was erroneous. Although not cited by defense counsel, the State commendably (and consistent with its ethical obligation) has cited this court to the case of James v. State, 706 So.2d 64 (Fla. 5th DCA 1998) as being directly on point. We agree.
In James, the information charged a single count of aggravated assault with a firearm against either of two people. On *968 appeal the defendant argued that fundamental error occurred when the trial court issued jury instructions which were framed so as to allow the jury to return a guilty verdict based on a finding that by threatening one person the defendant created fear in another:
Lumping alleged victims together in a single count of aggravated assault and permitting the jury to return a verdict of "guilty as charged" creates serious due process problems. As asserted by the defendant here, the jury, based upon the instructions given could have found the defendant guilty finding that the defendant threatened Barber and that Hickson (but not Barber) was frightened by the threat. However, such a scenario would not constitute the crime of aggravated assault. See § 784.011, Fla. Stat. (defining criminal assault as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."). It was reversible error for the court to deny the defendant's motion to dismiss the amended information and fundamental error to instruct the jury in a way which would permit the jury to find that one alleged victim was threatened while the other had a well founded fear that violence was imminent.
Id. at 65.
Applying this case law to the instant facts, the evidence presented at trial would be sufficient to support a jury finding that Tindle committed an aggravated assault against Mixon but not Williams, since Mixon testified that Tindle's actions caused her to be afraid, but Williams testified he was only afraid for Mixon's safety. Accordingly, Tindle's judgment and sentence are vacated and the case is remanded to the trial court with instructions to dismiss the charge of aggravated assault against Tindle as to Williams, but hold a new trial on the charge of aggravated assault as to Mixon.
REVERSED and REMANDED.
THOMPSON, C.J., and PETERSON, J., concur.
NOTES
[1] § 784.021(1)(a), Fla. Stat. (2000).