WHATLEY, Judge.
The State of Florida appeals an order granting Ramirez’s motion in limine, which alleged that his consent to provide police with the victim’s ring was not voluntary.[1] We conclude that in ruling on the motion in limine, the trial court improperly considered testimony given at a hearing on a previous motion to suppress, and we therefore reverse.
Ramirez was originally convicted of first-degree murder and sentenced to death. In Ramirez v. State, 739 So.2d 568 (Fla.1999), the Florida Supreme Court reversed his conviction and sentence and remanded the case for a new trial, holding that Ramirez’s confession was improperly admitted because it was obtained in viola *621 tion of his Miranda[2] rights. On the morning of Ramirez’s second trial, he filed a motion in limine seeking to exclude the victim’s ring. Due to the untimeliness of the motion, the parties agreed to stipulate to certain facts. The State read a statement which had been agreed upon by the parties, and the State agreed to the admission of a portion of the transcript from the first trial. However, the State consistently objected to the admission of previous testimony given at a hearing on a motion to suppress, which had been heard before the first trial and which sought suppression of different evidence. In granting the motion in limine, the trial court erred in considering the testimony from the previous motion to suppress.
The use of previous testimony is permitted if (1) the testimony was taken during a judicial proceeding; (2) the party against whom the testimony is being offered was a party in the previous proceeding; (3) the issues in the previous proceeding are similar to those in the instant case; and (4) there is a substantial reason why the original witness is not available. Thompson v. State, 619 So.2d 261, 265 (Fla.1993). Here, the issue in the previous proceeding differed from the issue at hand, and Ramirez did not establish a substantial reason why the original witness was not available. In fact, the witness was not present because Ramirez brought the motion before the start of the trial, instead of properly raising the issue in a motion to suppress and setting the motion for hearing a reasonable amount of time before the trial. See McClain v. State, 411 So.2d 316 (Fla. 3d DCA 1982) (holding that hospitalization of witness’s wife and his desire to be by her side was not a substantial basis for admitting witness’s testimony from first trial).
Ramirez additionally argued that the testimony from the previous motion to suppress was admissible because a trial court may take judicial notice of its own records in a case. We do not find merit in this argument because hearsay may not be considered simply because it is part of the court file. Burgess v. State, 831 So.2d 137 (Fla.2002). In Huff v. State, 495 So.2d 145, 151 (Fla.1986), the Florida Supreme Court held the following:
[W]e find that in a situation such as is presented here, where, upon appellate review an accused has been granted a new trial, the utilization by judicial notice of evidence produced at the first trial constitutes a process which would make facts conclusive against an opposing party although these facts were unsupported by the evidence introduced in the new trial, and were therefore not subject to refutation by the party against whom they were offered.
The Huff court concluded that the trial court abused its discretion in taking judicial notice of the record in the first trial, noting that at a new trial the parties may use different theories or present new evidence than what was presented in the first trial. Id. at 152. We conclude that the trial court in the instant case abused its discretion in considering testimony from the hearing on the previous motion to suppress and reverse the order granting Ramirez’s motion in limine number five.
Reversed and remanded.
SILBERMAN, J., Concurs.
FULMER, J., Concurs in part and dissents in part.

. We note that the motion in limine sought suppression of evidence obtained by search and seizure, as it alleged that the seizure of the victim's ring violated Ramirez's fourth amendment rights. Therefore, the issue on appeal clearly involves a search and seizure issue, and the State may properly appeal this order pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B). See McPhadder v. State, 475 So.2d 1215 (Fla.1985). Additionally, we note that the trial court treated the motion as a motion to suppress.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).