918 So.2d 415 (2006)
Gloria MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-532.
District Court of Appeal of Florida, Second District.
January 20, 2006.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Gloria Miller appeals her judgment and sentence for aggravated assault with a deadly weapon. We reverse and remand for a new trial because the jury instruction on aggravated assault given in this case constituted fundamental error.
Ms. Miller was charged with one count of aggravated assault with a deadly weapon. The information charged that Ms. Miller threatened Trace Barnes "and/or" Katherine Zevetchin and that she created fear in Trace Barnes "and/or" Katherine *416 Zevetchin. The circumstances that led to her arrest occurred after Ms. Miller was fired from her job at a bank in Pinellas County. On the day of the alleged incident, she went back to the bank and attempted to collect her final paycheck. After she entered the bank, the bank's security officer, Trace Barnes, approached Ms. Miller and informed her that as a terminated employee, she was not welcome at the bank and that she would receive her paycheck by mail. Ms. Miller became upset when Mr. Barnes asked her to leave. It is undisputed that Ms. Miller became increasingly upset as Mr. Barnes escorted her outside and back to her car.
As she got into her car, Ms. Miller allegedly made an audible threat, although the witnesses' testimony varied as to her exact words. She then drove her car in Mr. Barnes' direction, but stopped without hitting him. As this was occurring, another bank employee, Katherine Zevetchin, was walking from the parking lot to the building. Ms. Zevetchin was standing next to Mr. Barnes when Ms. Miller allegedly made the threat and drove her vehicle toward them. Ms. Zevetchin testified that she was frightened by Ms. Miller's actions. There is at least some evidence that Mr. Barnes was not frightened.
After the State and Ms. Miller rested their cases, the trial court orally instructed the jury on aggravated assault as follows:
[T]he State must prove four elements beyond a reasonable doubt.
The first is that Ms. Miller intentionally and unlawfully threatened either by word or act to do violence to Mr. Barnes or Ms. Zevetchin.
And the second element is that at the time Ms. Miller appeared to have the ability to carry out the threat.
And the third element is that the acts of Ms. Miller created in the minds of Mr. Barnes or Ms. Zevetchin, or either of them, a well-founded fear that violence was about to take place.
And the fourth element is that the assault was made with a deadly weapon. You are instructed that a weapon is a deadly weapon if it is used or threatened to be used in a way likely to produce death or great bodily harm.
You are further instructed that a motor vehicle is a deadly weapon.
The district courts of appeal have been recently required to reverse a number of criminal cases where the phrase "and/or," in various contexts, has caused fundamental error. See, e.g., Davis v. State, 895 So.2d 1195 (Fla. 2d DCA 2005); Dorsett v. McRay, 901 So.2d 225 (Fla. 3d DCA 2005); Gaskin v. State, 869 So.2d 646 (Fla. 3d DCA 2004).[1] Although the instructions in this case did not use the "and/or" conjunction contained in the information, by using the coordinating conjunction "or" in both the first and third elements of the offense, the trial court's instruction is still fundamentally erroneous. It permitted the jury to convict Ms. Miller of aggravated assault if one alleged *417 victim was threatened while the other had a well-founded fear of violence. See Tindle v. State, 832 So.2d 966 (Fla. 5th DCA 2002); James v. State, 706 So.2d 64, 65 (Fla. 5th DCA 1998) (holding instruction was fundamental error when it permitted the jury to find that one alleged victim was threatened while the other had a well-founded fear that violence was imminent). As was noted in James, such a scenario does not constitute the crime of aggravated assault. 706 So.2d at 64. Aggravated assault requires that the person who is threatened experience the fear that violence is imminent. See § 784.011, Fla. Stat. (2003).
Ms. Miller also argues that the trial court's instruction to the jury that a motor vehicle "is" a deadly weapon constitutes fundamental error because the jury should have been instructed that a motor vehicle "may" be a deadly weapon. Because we reverse for a new trial, we do not need to determine whether this instruction is fundamental error. However, we note that whether a motor vehicle is used or threatened to be used in a way that makes it a deadly weapon is typically a question resolved by a jury. See Williamson v. State, 92 Fla. 980, 111 So. 124, 126 (1926) ("We conclude, therefore, that an automobile may be so used as to constitute a deadly weapon . . . and that it was competent for the jury, under the evidence in this case, to determine whether the plaintiff in error was at the time of the offense charged so using his automobile as to constitute the same a deadly weapon within the meaning of the law.").
Reversed and remanded.
CASANUEVA and VILLANTI, JJ., Concur.
NOTES
[1] One would have reasonably expected that the use of this conjunctive phrase in legal pleading would have come to a permanent halt in Florida after Justice William Glenn Terrell criticized the phrase in Cochrane v. Florida East Coast Railway Co., 107 Fla. 431, 145 So. 217, 218-19 (1932), by explaining:

In the matter of the use of the alternative, conjunctive phrase "and/or," it is sufficient to say that we do not hold this to be reversible error, but we take our position with that distinguished company of lawyers who have condemned its use. It is one of those inexcusable barbarisms which was sired by indolence and dammed by indifference, and has no more place in legal terminology than the vernacular of Uncle Remus has in Holy Writ. I am unable to divine how such senseless jargon becomes current. The coiner of it certainly had no appreciation for terse and concise law English.
But history has a way of repeating itself.