958 So.2d 431 (2007)
Raymond ESSEX, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1467.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
Rehearing Denied June 28, 2007.
Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
We write to address one issue  whether the trial court erred in allowing the state *432 to offer the former testimony of a witness from an earlier trial. Finding no error in the trial court's ruling that the state had met its burden of establishing the witness's unavailability, we affirm.
We reversed Raymond Essex's convictions for false imprisonment, robbery, and aggravated battery on a pregnant female, and remanded for a new trial. See Essex v. State, 917 So.2d 953 (Fla. 4th DCA 2005).
At the first trial, Essex's fifteen-year-old niece, B.D., testified as an eyewitness. At the second trial, B.D.'s testimony from the first trial was read into evidence. On appeal, Essex attacks the admissibility of the former testimony, arguing that under section 90.804(1), Florida Statutes (2006), and Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the state did not make a sufficient showing that B.D. was unavailable.
In Crawford, the United States Supreme Court held that "[w]here testimonial [hearsay] evidence is at issue, . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." 541 U.S. at 68, 124 S.Ct. 1354. Under the Florida Evidence Code, former testimony is admissible "provided that the declarant is unavailable as a witness." § 90.804(2)(a), Fla. Stat. (2006). Section 90.804(1) defines the concept of "[u]navailability of a witness." A finding that a witness is unavailable within the meaning of section 90.804(1) satisfies the unavailability requirement of Crawford. See Corona v. State, 929 So.2d 588, 595 (Fla. 5th DCA 2006) (applying section 90.804(1)(e) to decide whether a witness was "unavailable" for the purposes of the Confrontation Clause).
Whether the state made a sufficient showing of B.D.'s unavailability to admit her former testimony is a preliminary question "concerning . . . the admissibility of evidence" under section 90.105(1), Florida Statutes (2006). "The trial court's determination that a witness is `unavailable' for confrontation purposes involves a mixed question of law and fact which this court reviews de novo, giving deference to the basic, primary or historical facts as found by the trial court." Corona, 929 So.2d at 594 (citations omitted).
Under section 90.804(1), one of the ways that a witness is unavailable is if she "is absent from the hearing, and the proponent of [her] statement has been unable to procure [her] attendance or testimony by process or other reasonable means." As the party seeking to introduce the former testimony, the state had the burden of showing that it exercised due diligence in making a good faith effort to secure the appearance of B.D. See McClain v. State, 411 So.2d 316 (Fla. 3d DCA 1982).
Here we find no error in the trial court's determination that the state satisfied its burden of demonstrating B.D.'s unavailability. See Foster v. State, 614 So.2d 455, 459 (Fla.1992). Investigators from the state attorney's office unsuccessfully tried to locate B.D. The state attorney's office also contacted the Arcadia Police Department, which was unable to find B.D. at either her old or new address. The prosecutor informed the trial court that the state called all prior phone numbers associated with B.D., without locating her. As the prosecutor explained at trial, B.D. is "a 20-year-old woman now who probably doesn't own property or cars. Every effort has been used to locate" her.
Affirmed.
WARNER and TAYLOR, JJ., concur.