975 So.2d 566 (2008)
Edgar WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4051.
District Court of Appeal of Florida, Fourth District.
February 13, 2008.
Jason T. Forman of the Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
*567 DAMOORGIAN, J.
Edgar Wilson ("Wilson") appeals his convictions and sentence for one count of aggravated battery with a deadly weapon or causing great bodily harm and one count of misdemeanor battery. On appeal, Wilson asserts that the trial court fundamentally erred by giving a misleading self-defense jury instruction. We reverse because the misleading instruction negated Wilson's only defense. On remand, the correct instruction should make it clear that self-defense could apply to each victim irrespective of the other. We affirm in all other respects.
Wilson was charged with aggravated battery with a deadly weapon on two separate victims; Humberto Medina and Jorge Perez-Orozco. Wilson's defense was that his use of force was justified. The trial court first read the instructions as to each count separately. However, the trial court read one self-defense instruction for both counts. The self-defense instruction read:
Unless the force asserted toward the defendant was so great that he reasonably believed that he was in eminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger other [than] using force likely to cause death or great bodily harm to Humberto Medina and Jorge Perez-Orozco, or in good faith the defendant withdrew from physical contact with Humberto Medina and Jorge Perez-Orozco and indicated clearly to Humberto Medina and Jorge Perez-Orozco that he wanted to withdraw and stop the use of force likely to cause death or great bodily harm but Humberto Medina and Jorge Perez-Orozco continued or [resumed] the use of force.
(emphasis added).
It is well settled that fundamental error occurs where a confusing or misleading jury instruction relates to an element of the offense or to an affirmative defense. Davis v. State, 804 So.2d 400, 404 (Fla. 4th DCA 2001); see also Miller v. State, 918 So.2d 415, 416-17 (Fla. 2d DCA 2006) (jury instruction that allows the jury to mix elements of the crime as to two possible victims to reach a conviction results in fundamental error).
In using the conjunction and, the instruction requires that Wilson's use of force be justified as to both victims to establish self-defense on either count. Thus, it is impossible to determine whether the jury applied the self-defense instruction to each victim separately. Consequently, the instruction in effect negated Wilsons only defense. This constitutes fundamental error. See Davis, 804 So.2d at 404. Therefore, we reverse Wilsons convictions and remand for a new trial.
Reversed and Remanded.
KLEIN and HAZOURI, JJ., concur.