997 So.2d 440 (2008)
Charles COMER, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D08-2099.
District Court of Appeal of Florida, First District.
November 26, 2008.
Charles Comer, pro se, Petitioner.
Bill McCollum, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Charles Comer was tried by a jury and convicted of sale of a controlled substance, two counts of aggravated assault with a deadly weapon, and resisting arrest with violence. The victims of the assault were the same deputy sheriffs whom Comer resisted. On appeal, appellant's counsel filed a brief consistent with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and this court affirmed, Comer v. State, 935 So.2d 502 (Fla. 1st DCA 2006).
Comer now alleges that he received ineffective assistance of counsel in his direct appeal, and we agree. In instructing the jury on assault, the court advised that findings of guilt could be made if it was found that the defendant intentionally and willfully threatened to do violence to one of the deputies and/or the other, and that this action created in the mind of one deputy and/or the other a well-grounded fear that violence was about to take place. The "and/or" conjunctive was used in similar fashion when the jury was instructed on resisting arrest. These instructions were found to be fundamental error in Miller v. State, 918 So.2d 415 (Fla. 2d DCA 2006) (relying on Tindle v. State, 832 So.2d 966 (Fla. 5th DCA 2002), and James v. State, 706 So.2d 64 (Fla. 5th DCA 1998)). Counsel's failure to argue this issue constituted a serious or substantial deficiency falling measurably outside the range of professionally acceptable performance and compromised *441 the appellate process to a degree that it undermines confidence in the result of Comer's direct appeal of his judgment and sentence. See Pope v. Wainwright, 496 So.2d 798 (Fla.1986).
As in Shabazz v. State, 955 So.2d 57 (Fla. 1st DCA 2007), we find that the appropriate remedy is to order a new appellate proceeding to review these jury instruction issues, rather than ordering a new trial. This will permit briefing and review of the record on appeal to determine whether Garzon v. State, 980 So.2d 1038 (Fla.2008), should be applied in reviewing these convictions and, if so, whether the record supports a conclusion that Comer is entitled to a new trial. Upon issuance of mandate in this cause, a copy of this opinion will be provided to the clerk of the circuit court, who shall treat it as a notice of appeal for a new appellate proceeding which shall be limited to the use of "and/or" in instructing the jury. The trial court shall appoint counsel to represent Comer in the new proceeding if he qualifies for such an appointment.
PETITION GRANTED.
WEBSTER, LEWIS, and HAWKES, JJ., concur.