STEVENSON, J.
Javier Arcos Diaz was tried by jury and convicted of two counts of impersonating a police officer and two counts of robbery. In this appeal, Diaz challenges his conviction for the robbery of Miguel Morales, arguing the evidence was insufficient to permit a jury to find that Morales was placed in fear during the course of the taking. We reject Diaz’s argument and affirm.
To sustain a conviction for robbery, the State must prove the following elements: (1) the taking of money or property from another; (2) the taking was with the intent to permanently or temporarily deprive the owner of the money or property; and (3) in the course of the taking, “there is the use of force, violence, assault, or putting in fear.” See § 812.13(1), Fla. Stat. (2006). “The fear contemplated by the statute is the ‘fear of death or great *1158 bodily harm.’” Magnotti v. State, 842 So.2d 963, 965 (Fla. 4th DCA 2003) (quoting Smithson v. State, 689 So.2d 1226, 1228 (Fla. 5th DCA 1997)). The “putting in fear” element of robbery is determined not by whether the victim himself was actually placed in fear, but by whether a reasonable person under the circumstances would be placed in fear. Id. Thus, the question is “whether a jury could conclude that a reasonable person, under like circumstances, would have felt sufficiently threatened to accede to the robber’s demands.” Id. As the court in Smithson explained, “[t]his is so even where the victim specifically states that he was never in fear during the course of the robbery.” 689 So.2d at 1228.
In this case, Morales testified that he was riding his bicycle north when a man in a car, heading south, began shouting at him and gesturing for him to stop. Morales kept going. The car then made a u-turn and stopped right next to Morales. The man in the car was wearing a shirt with the word “sheriff’ on it and told Morales to stop. According to Morales, the man in the car identified himself as a detective and told him it was a good thing he had stopped because, if he had not, he would have broken his leg with a gun. Morales admitted he did not see the gun. Next, the man in the car told Morales that he needed to see what was in Morales’ pockets and instructed Morales to take everything out. Morales complied, handing over his wallet and his passport. Morales testified that the man “put his hands underneath,” threw the wallet and the passport from the car and drove away. The $800 and 500 pesos that had been in Morales’ wallet were missing. Morales testified that he complied because he believed that the defendant was a police officer and denied that he was in fear at the time of the robbery.
The evidence at the instant trial was sufficient to permit a jury to conclude that a reasonable person “would have felt sufficiently threatened to accede to the robber’s demands,” see Magnotti, 842 So.2d at 965. When Morales failed to stop at the defendant’s commands, the defendant made a u-turn in his car and stopped next to Morales. After identifying himself as a detective, the defendant told Morales it was a good thing he had stopped because, had he failed to do so, the defendant would have broken his leg with a gun. Then, having just revealed that he was carrying a firearm and would have seriously injured Morales had Morales failed to comply with his previous instructions, the defendant directed Morales to hand over the contents of his pockets. “If the circumstances attendant to the robbery were such as to ordinarily induce fear in the mind of a reasonable person, then the victim may be found to be in fear for the pwpose of the robbery statute, and actual fear need not be strictly and precisely shown.” Smithson, 689 So.2d at 1228.
Accordingly, the “fear” element in this case was a factual issue for the jury and its determination that the evidence proved the crime of robbery is consistent with the controlling law. The defendant’s conviction is therefore affirmed.

Affimed.

HAZOURI and DAMOORGIAN, JJ„ concur.