CRENSHAW, Judge.
 

 Andre Bryant appeals his judgment and sentence for robbery with a firearm or deadly weapon in violation of section 812.13(1) and (2)(a), Florida Statutes (2006). We affirm his judgment and sentence without comment on all but one of the issues he raised on appeal. However, we write to address Bryant’s contention that the trial court fundamentally erred by providing jury instructions that contained the conjunction “and/or” between the names of the alleged victims. For reasons stated below, we find the use of the conjunction “and/or” in the jury instructions in this case constituted error, but not fundamental error.
 

 After going out to dinner the night of August 3, 2006, Lori Cline drove her son Chase Cline, her daughter Erika Cline, and Erika’s friend Tia Robinson to a Wal-greens drive-through window to pick up a prescription. Chase Cline sat in the passenger seat, and the two girls sat in the back. While Lori Cline was conversing with the pharmacist, a man approached the rear window where Tia Robinson was sitting. He stuck a gun through the window towards Chase Cline’s head and demanded Lori Cline’s pocketbook. Lori Cline handed the man her wallet, and he fled into some nearby bushes. Lori Cline then drove to the front of the Walgreens, called the police, and proceeded to identify a man on Walgreens’ surveillance tape as the robber. Law enforcement thereafter arrested Bryant after they discovered him near the vicinity of the Walgreens.
 

 Despite various issues concerning the identification of the robber, the State charged Bryant with one count of robbery with a firearm or deadly weapon. Specifically, the State’s amended information alleged Bryant “did then and there unlawfully, by force, violence, assault or putting in fear, take away from the person or custody of LORI CLINE AND/OR CHASE CLINE certain property to-wit [sic]: WALLET, with intent to permanently or temporarily deprive LORI CLINE of said property.” The case proceeded to trial. After the State and Bryant rested their cases, the following instructions on robbery were given to the jury without objection:
 

 15.1 Robbery, F.S. 812.13
 

 To prove the crime of Robbery, the State must prove the following elements beyond a reasonable doubt:
 

 
 *593
 
 1. Andre Bryant took the wallet from the person or custody of Lori Cline and/or Chase Cline.
 

 2. Force, violence or assault, or putting in fear was used in the course of the taking.
 

 3. The property taken was of some value.
 

 4. The taking was with the intent to permanently deprive Lori Cline and/or Chase Cline of his or her right to the property or any benefit from it or appropriate the property of Lori Cline and/or Chase Cline to his or her own use or to the use of any person not entitled to it.
 

 On appeal, Bryant alleges the repeated use of the phrase “and/or” in the jury instruction confused the jury as to whom the actual victim of the taking was and as to whom force or fear was used against. Because Bryant did not object to the instructions at trial, he failed to adequately preserve this error for review, and thus his claim can be raised on appeal only if fundamental error occurred.
 
 See Reed v. State,
 
 837 So.2d 366, 370 (Fla.2002);
 
 State v. Delva,
 
 575 So.2d 643, 645 (Fla.1991);
 
 Steinhorst v. State,
 
 412 So.2d 332, 338 (Fla.1982).
 

 As Bryant correctly points out, this court has previously determined that the use of the phrase “and/or” in criminal jury instructions amounted to fundamental error.
 
 [1]
 
 However, we abandoned this reasoning after the Florida Supreme Court’s opinion in
 
 Garzón v. State,
 
 980 So.2d 1038 (Fla.2008).
 
 Garzón
 
 determined that where the jury instructions do not present a
 
 Delva
 
 or
 
 Reed
 
 error as to the elements of the crime, this court must examine “the totality of the record to determine if the ‘and/or’ instruction met the exacting requirements of fundamental instruction error.”
 
 Id.
 
 at 1043;
 
 see also Hunter v. State,
 
 8 So.3d 1052, 1071 (Fla.2008);
 
 Bar-rientos v. State,
 
 1 So.3d 1209,1219 (Fla. 2d DCA 2009) (noting “the appellate court must examine the overall context — for example, other jury instructions given by the court, arguments presented by the attorneys, and the evidence in the case” before determining the existence of fundamental error).
 

 The Florida Supreme Court and this coui’t have clearly established that the use of the conjunction “and/or” in jury instructions is error.
 
 See Garzón,
 
 980 So.2d at 1045 (condemning the use of “and/or” instructions);
 
 Hunter,
 
 8 So.3d at 1070;
 
 Bar-rientos,
 
 1 So.3d at 1220. Nonetheless,
 
 Garzón, Hunter,
 
 and
 
 Barrientos
 
 concern the use of the “and/or” conjunction between the names of codefendants. In this instance, Bryant is contesting the use of “and/or” between the names of the victims, and thus we will examine his argument in accordance with analogous jury instruction cases.
 

 In
 
 Miller v. State,
 
 918 So.2d 415 (Fla. 2d DCA 2006), Miller was terminated from her job at a bank and, in a fit of anger, made an audible threat as she got into her car. She then drove her car in the direction of Barnes, who was the bank’s security officer. Standing next to Barnes was Zevetchin, another bank employee who was walking from the parking lot to the bank. The State charged Miller by information with one count of aggravated assault with a deadly weapon for threatening Barnes “and/or” Zevetchin and creating fear in Barnes “and/or” Zevetchin. After the State and Miller rested their cases, the trial court’s jury instruction on aggravated assault required the jury to consider whether Miller intentionally and unlawfully threatened Barnes “or” Zevetchin and created a well-founded fear in the mind of
 
 *594
 
 Barnes “or” Zevetchin that violence was about to take place. Though this court noted the trial court used “or” in the jury-instructions rather than “and/or,” we nonetheless found the trial court’s instruction to be fundamentally erroneous because aggravated assault required that a person who is threatened experience the fear that violence is imminent.
 
 Id.
 
 at 416 (citing § 784.011, Fla. Stat. (2003)). The jury instructions improperly permitted the jury to convict Miller “of aggravated assault if one alleged victim was threatened while the other had a well-founded fear of violence.”
 
 Id.
 
 at 416-17;
 
 see also Fuller v. State,
 
 942 So.2d 1039 (Fla. 2d DCA 2006) (reversing fundamentally erroneous jury instructions on a judgment and sentence for aggravated assault with a deadly weapon in accordance with
 
 Miller).
 

 Other district courts have reached similar conclusions in aggravated assault or battery cases.
 
 See Comer v. State,
 
 997 So.2d 440, 441 (Fla. 1st DCA 2008) (determining Comer’s appellate counsel was ineffective for failing to argue on appeal that the use of the “and/or” conjunctive in jury instructions for aggravated assault and resisting arrest were fundamental error);
 
 Love v. State,
 
 971 So.2d 280, 288 (Fla. 4th DCA 2008) (finding the jury instructions for two counts of battery on a law enforcement officer using “and/or” that used the names of both officers for each count were fundamentally erroneous because it improperly allowed jury to convict on both battery counts even if they found that only one of the officers was intentionally touched or struck by Love);
 
 Tindle v. State,
 
 832 So.2d 966, 968 (Fla. 5th DCA 2002) (determining the use of “and/or” in the jury instructions was fundamentally erroneous because the evidence presented at trial supported a finding that Tindle committed an aggravated assault against Mixon, not Williams, as Williams was not afraid for himself, but for Mixon’s safety);
 
 James v. State,
 
 706 So.2d 64, 65 (Fla. 5th DCA 1998) (finding fundamental error in an “and/or” jury instruction based on a single count of aggravated assault with a firearm because the evidence adduced at trial established two distinct and independent offenses which lacked a necessary connection to each other).
 
 [2]
 

 We do not find that the use of the conjunction “and/or” in the jury instructions in this case amounted to fundamental error. For a jury instruction to constitute fundamental error, “ ‘the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ”
 
 Delva,
 
 575 So.2d at 644-45 (quoting
 
 Brown v. State,
 
 124 So.2d 481, 484 (Fla.1960)). “In other words, ‘fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict.’ ”
 
 Id.
 
 at 645 (quoting
 
 Stewart v. State,
 
 420 So.2d 862, 863 (Fla. 1982)). “ ‘[Fundamental error should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.’ ”
 
 Farina v. State,
 
 937 So.2d 612, 629 (Fla.2006) (alteration in original) (quoting
 
 Ray v. State,
 
 403 So.2d 956, 960 (Fla.1981)).
 

 Here, the testimony at Bryant’s trial established that a robber threatened Chase Cline with a firearm. As a result of the threat, Lori Cline handed the robber
 
 *595
 
 her wallet. The record does not demonstrate that the robber took any property from Chase Cline or acted with the intent to permanently deprive Chase Cline of any right to such property. Hence, any mention of Chase Cline in the robbery jury instruction was error pursuant to
 
 Gar-zón’s
 
 condemnation of the phrase “and/ or.” However, the evidence does establish that a robber intended to take and permanently deprive Lori Cline of her wallet by putting her in fear through the endangerment of her son. These facts are sufficient to support a finding that a robbery was committed against Lori Cline.
 
 See Flagler v. State,
 
 198 So.2d 313, 314 (Fla.1967) (affirming a robbery conviction upon finding the mother was put in fear through the threat of harm against her son);
 
 see also State v. Baldwin,
 
 709 So.2d 636, 637 (Fla. 2d DCA 1998) (“[I]f the circumstances attendant to the robbery were such as to ordinarily induce fear in the mind of a reasonable person, then the victim may be found to be in fear for the purpose of the robbery statute, and actual fear need not be proved.”). Thus, when we review the totality of the record pursuant to
 
 Garzón,
 
 we do not find the use of the phrase “and/or” in the jury instruction constituted fundamental error.
 

 Affirmed.
 

 SILBERMAN and MORRIS, JJ., Concur.
 

 [1]
 

 .
 
 See Green v. State,
 
 968 So.2d 86, 89 (Fla. 2d DCA 2007);
 
 Davis v. State,
 
 895 So.2d 1195, 1196 (Fla. 2d DCA 2005);
 
 Cabrera v. State,
 
 890 So.2d 506, 508 (Fla. 2d DCA 2005).
 

 [2]
 

 . Yet the Fourth District also found no error existed for a conviction for resisting an officer, either with or without violence, when the conjunction “and/or” was used between the arresting officers.
 
 See Provow v. State,
 
 14 So.3d 1134 (Fla. 4th DCA 2009) (specifically explaining why the use of the locution "and/ or” in a jury instruction in that case does not constitute error).