GROSS, C.J.
The issue we address in this case is whether the trial judge abused his discretion in ruling that appellant failed to establish the unavailability of a witness under section 90.804, Florida Statutes (2008) so that the witness’s former testimony could be used at trial as an exception to the rule against hearsay. See § 90.802, Fla. Stat. (2008). Finding no abuse of discretion, we affirm.
The state charged Edgar Wilson with two counts of aggravated battery with a deadly weapon, alleging that he stabbed two people -with a knife. After a jury trial, he was convicted of one count as charged and of misdemeanor battery. This court reversed the convictions and remanded for a new trial. Wilson v. State, 975 So.2d 566 (Fla. 4th DCA 2008). At the second trial, Wilson was convicted of battery and aggravated battery and sentenced as a prison release reoffender. Wilson has now appealed from the sentence imposed after the second trial.
The charges arose from a street fight between two groups of people that started in the parking lot of a Kwik Stop. The stabbing victims claimed that Wilson’s group started the fight, with Wilson join *516 ing in and wielding a knife. Wilson’s group contended that the other group started the fight, so they acted in self defense. Wilson testified that one of the victims pulled a knife on him; during the ensuing struggle, Wilson grabbed the knife and used it in a “big fight with a lot of swinging.”
One of the men in Wilson’s group dui'ing the fight was Christopher Culligan. At the first trial, Wilson called him as a witness. For the second trial, Wilson told his lawyer that Culligan would appear when called. When the second trial was set on a trial docket, Culligan left town, visiting family in Tennessee for two weeks. The defense lawyer learned of Culligan’s absence during a court hearing. Due in large part to Culligan’s disappearance, the case was continued.
Wilson told his lawyer that Culligan was “not a problem” and that he did not need to use a subpoena to secure his attendance at trial. Wilson spoke to Culligan just before trial and made him aware of when the trial would start. However, several days into the second trial, defense counsel told the judge that Culligan was a missing witness. He tried to subpoena Culligan that same day.
The next day, defense counsel informed the judge that he could not find Culligan. During trial the defense tried to find Culli-gan. Wilson went to Culligan’s home, where someone told him that Culligan had lost his job and had taken off several days earlier. Wilson and his friends called around and tried to locate Culligan; they checked jails in several counties, but were unable to find him.
Defense counsel moved to admit the transcript of Culligan’s testimony given at Wilson’s first trial, arguing Culligan was unavailable, so the former testimony exception to the rule against hearsay applied. The state’s opposition to the motion focused on Wilson’s failure to subpoena the witness until the middle of the second trial.
The trial judge refused to admit Culli-gan’s former testimony, finding that “the defense has not made a sufficient showing that the defendant has been [unable] to procure the witness’s testimony, by process or other means.” The judge based the decision “on the totality of the circumstances and the evidence that has been presented, the credibility of the witnesses, [and] the timing of efforts that have been advanced here.”
Wilson argues that the trial judge erred in excluding Culligan’s former testimony under section 90.804(2)(a). All of the hearsay exceptions contained in section 90.804(2) require that the declarant be “unavailable as a witness.” While Culli-gan’s testimony from the first trial meets the requirements of “former testimony” under section 90.804(2)(a), for that testimony to be admissible, Culligan must also have been “unavailable” within the meaning of section 90.804(l)(e), which provides, in pertinent part:
90.804. Hearsay exceptions; declar-ant unavailable.
(1) DEFINITION OF UNAVAILABILITY. — “Unavailability as a witness” means that the declarant:
[[Image here]]
(e) Is absent from the hearing, and the proponent of a statement has been unable to procure the declarant’s attendance or testimony by process or other reasonable means.
The party seeking the admission of a witness’s former testimony carries the burden of demonstrating the witness’s unavailability for trial, and that the party exercised due diligence in its attempt to procure the witness’s attendance or testimony. See Jackson v. State, 575 So.2d 181, 187 (Fla.1991); Outlaw v. State, 269 So.2d 403, 404 *517 (Fla. 4th DCA 1972). The trial judge’s determination of whether Wilson carried the burden of demonstrating Culligan’s unavailability is reviewed under an abuse of discretion standard. E.g., Outlaw, 269 So.2d at 404 (“The responsibility for evaluating the adequacy of the showing of [unavailability] rests with the trial judge, and his determination of this issue will not be disturbed unless an abuse of discretion clearly appears.”).
This case falls between Essex v. State, 958 So.2d 431 (Fla. 4th DCA 2007) and McClain v. State, 411 So.2d 316 (Fla. 3d DCA 1982), two cases that considered the meaning of the “unavailability of a witness” within the context of the section 90.804(2)(a) former testimony exception to the rule against hearsay.
In Essex, we affirmed a trial court’s finding that the State had satisfied its burden of demonstrating a witness’s unavailability so that the witness’s testimony from the first trial of a defendant could be used at the second trial. The Essex defendant’s convictions had been reversed and the case remanded for a new trial. Id. at 432. The defendant’s 15-year-old niece testified at the first trial. Id. Before the second trial, investigators from the prosecutor’s office tried to locate the niece and a police department attempted to locate her at recent addresses; the state called all prior phone numbers associated with the niece, without any success. Id. The prosecutor explained that it had been five years since the first trial, and the niece was now a 20-year-old woman who likely did not own any property or cars. Id. We affirmed the trial court’s ruling that the state had satisfied its burden of demonstrating the niece’s unavailability, so that her former testimony could be read to the jury. Id.
In contrast to Essex, McClain was a case where the court held a witness was not “unavailable,” so that the state should have been precluded from introducing his former testimony at a later trial. There, the husband of a victim testified at a defendant’s first trial, which ended in a mistrial. 411 So.2d at 316 n. 1. At the time of the second trial, the victim was in the hospital, and the husband wished to be at her bedside rather than in court to testify at the second trial. Id. at 316. Over objection, the state offered the husband’s former testimony in evidence. Id.
On appeal, the third district held that trial court erred in admitting the former testimony. Id. The court "wrote, “[T]he mere reluctance of a witness to attend a trial — understandable or not — does not mean that the State is unable to procure his attendance.” Id. at 317. It continued, “Here the State, with full knowledge of the witness’ whereabouts, did nothing to procure his attendance.” Id. (footnotes omitted). In a footnote, the court noted “[t]he record does not reflect whether Daniel was subpoenaed,” “[b]ut if he was, the record clearly reflects that no effort was made by the State to have the subpoena enforced.” Id. Use of the court’s subpoena power was part of the due diligence that the third district required for the state to make a showing of the witness’s unavailability.
This case is closer to McClain than to Essex. Culligan was demonstrably unreliable as a witness. The second trial was continued because Culligan went to Tennessee. Thereafter, Wilson was on notice as to Culligan’s unreliability. Nonetheless, Wilson relied on the same oral promise that Culligan had broken before. Because such informal means had earlier failed to secure Culligan’s appearance, due diligence required Wilson to do something more than tell Culligan when the second trial would occur. Like the situation with the reluctant witness in McClain, due diligence in this case required that an unrelia *518 ble Culligan be under subpoena for the second trial. We find no abuse of discretion in the trial judge’s ruling that Wilson failed to establish Culligan’s unavailability under section 90.804.

Affirmed.

WARNER and CIKLIN, JJ., concur.