GROSS, J.
We affirm appellant’s conviction of robbery. Appellant entered a bank, handed the teller a note which stated “this is a robbery,” and demanded money. Although the teller said she “wasn’t afraid of what was happening,” she gave appellant the money because of “the threat in the note.”
Appellant argues that he did not commit a robbery because he did not put the victim in fear. Specifically, he contends that, applying the wording of section 812.13(1), Florida Statutes (2011), the State failed to prove that “in the course of the taking there [wa]s the use of force, violence, assault, or putting in fear.”
Under Florida law, for there to be a “fear”-based robbery within the meaning of the statute, the trier of fact must determine whether the defendant’s conduct would have placed a reasonable person, not just the actual victim, in fear of death or great bodily harm. See, e.g., Diaz v. State, 14 So.3d 1156, 1158 (Fla. 4th DCA 2009); Brown v. State, 397 So.2d 1153, 1155 (Fla. 5th DCA 1981) (citing Flagler v. State, 189 So.2d 212 (Fla. 4th DCA 1966), aff'd, 198 So.2d 313 (Fla.1967); Thomas v. State, 183 So.2d 297 (Fla. 3d DCA 1966)). “[T]he controlling factor is not necessarily the victim’s subjective state of mind, but whether a jury could conclude that a reasonable person, under like circumstances, would have felt sufficiently threatened to accede to the robber’s demands.” Magnotti v. State, 842 So.2d 963, 965 (Fla. 4th DCA 2003); see also Bryant v. State, 30 So.3d 591, 595 (Fla. 2d DCA 2010); Thomas v. State, 989 So.2d 735, 736 (Fla. 1st DCA 2008); State v. Hawkins, 790 So.2d 492, 496 (Fla. 5th DCA 2001); Wayne R. LaFave & Austin W. Scott, Jr., Handbook on Criminal Law § 94, p. 700 (1972) (recognizing that Florida follows the rule “that the threat of harm, for robbery, must be such as would, under the circumstances, arouse in the victim a reasonable fear of harm, or cause a reasonable man to be apprehensive of harm, or induce a reasonable person to part with his property”).
Contrary to appellant’s argument, this line of cases does not conflict with Montsdoca v. State, 84 Fla. 82, 93 So. 157 (1922). That case applied neither an objective nor a subjective standard of the “putting in fear” element of the robbery statute; the Supreme Court merely concluded that a robbery had occurred “upon either of two methods by which it was charged” — (1) there “was an assault upon the victim and a violent or forceful taking possession of the automobile which he was driving, and he was not permitted to depart until he *614 paid the defendants,” or (2) the defendant grabbed the victim “by both shoulders and shook him and ordered him to get out of the car” and would not let him go unless he paid $100. Id. at 159-60.

Affirmed.

MAY, C.J., and GERBER, J., concur.